

**One Riverfront Plaza**
1037 Raymond Blvd, Suite 600
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Marc D. Haefner
Direct Dial: (973) 757-1013
mhaefner@walsh.law

August 22, 2019

**VIA ECF AND FIRST CLASS MAIL**
Honorable Joseph A. Dickson, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:   Marimar Textiles, Inc. v. Jude Clothing & Accessories Corporation, et al.
      Case No.: 2:17-cv-02900 (ES)(JAD)

Dear Judge Dickson:

This firm represents Defendants Jude Clothing & Accessories Corporation, Jude Connally E-Commerce Corp., Jude Connally Sarasota Limited Liability Company, Jude Connally Westfield Limited Liability Company, and Jude Connally Zimmerman (collectively "Defendants") in the above-referenced matter. We write in response to Plaintiff's letter of today's date to highlight two issues.

First, we object to the lack of transparency on the possible agenda for the call that the Plaintiff wishes Your Honor to schedule. What we do know is that Plaintiff wrote us on July 29, 2019 resolving certain outstanding discovery that the Plaintiff owed to Defendants. Plaintiff also took that as the opportunity, for the first time, to complain about alleged discovery deficiencies in Defendants' document production of November 9, 2018. In response we wrote on August 5, 2019 to explain why Plaintiff's discovery complaints were both mistaken on their substantive basis and why Plaintiff could not wait 8 months to complain about document deficiencies for the first time, just weeks from the discovery end date. On the procedural issue the letter highlights two things: 1) that Defendants are prejudiced by Plaintiff's constant delays, especially because Defendants have been hosting the documents it produced on an electronic platform for which it pays a monthly fee, and 2) that motions to compel additional discovery (whether formal or informal) are disfavored in the district when they are first made at the bitter end of fact discovery. Plaintiff never replied in writing to Defendants' August 5, 2019 letter. Instead, Plaintiff stated orally on Monday August 19th that he would raise these issues with Your Honor via letter that very day. He still has failed to do so – instead he has written to ask for a call the purpose of which is shrouded in mystery. The parties' respective letters are attached for Your Honor's

Hon. Joseph A. Dickson, U.S.M.J.
August 22, 2019
Page 2

convenience.

      Second, all that said, we have no objection to attending a conference call should Your Honor deem such a call advantageous to moving this case to conclusion.

      Finally, on a related but separate issue, Defendants re-noticed the two depositions of Plaintiff that it wishes to take.  We would still like to take those depositions and would prefer to do so sooner rather than later.  Similarly, Plaintiff noticed Ms. Zimmerman months ago and we agreed then to produce her and have not changed our position (though we need to know when Plaintiff intends to take the deposition).  We believe that the Court ordering dates certain for each deposition (at dates convenient for the witnesses) is the only way to ensure that this case can be moved to a conclusion.

      As always, we thank the Court for its attention to this matter and remain available should Your Honor or Your Honor's staff have any questions or require anything further.

      Respectfully submitted,

      Marc D. Haefner

Enclosures
cc:    All Counsel of Record (*via email*)



Gregory J. Skiff, *Founder*
gjs@skifflaw.com

July 29, 2019

<u>*Via Email*</u>

Katherine Romano, Esq.
Walsh Pizzi O'Reilly Falanga LLP
1037 Raymond Boulevard
Newark, NJ 07102

      Re:    *Marimar Textiles Inc. v. Connally, Jude Clothing & Accessories Corporation, Jude Connally E-Commerce Corp., Jude Connally Sarasota LLC and Jude Connally Westfield LLC*

Dear Katherine:

In furtherance of my letter to Judge Dickson dated July 19, 2019, this letter is sent in good faith to resolve outstanding discovery disputes between the parties and to articulate various deficiencies in Defendants' production.

## A.  Second Production

Accompanying this letter is a second document production largely duplicative of Plaintiff's initial production. This production is bates stamped P200000000001-1784. In accordance with our telephone call Friday, July 26, 2019, I attempted to realign the bates stamps so they correspond with the original production. Due to the mechanics of our document review software, however, it would appear this is too difficult or impossible. Accordingly, although most documents bates stamps will correspond to the original production, this should not be assumed throughout. The Relativity load file should indicate each document's corresponding bates number from the original production. All documents previously identified as privileged and clawed back pursuant to the Rule 502(d) Order in this case, to the extent included in this second production, have been redacted to avoid a *second* inadvertent disclosure of privileged communications. This is without waiver of Plaintiff's right to identify and claw back any documents identified as privileged.

## B.  Dates for Hard Drive Inspection

Except for the week of August 19, 2019, Mr. Solazzo is available to come to your offices in Newark, New Jersey, to produce the previously identified and produced external hard drive with 11,000+ prints along with his Mac Computer to facilitate

NJ Office:
*By Appointment*

**Skiff Law Firm LLC**
28 Marlin Drive
Whippany, NJ 07981
(T) 201.787.8701
www.skifflaw.com

NY Office:
*Of Counsel*

**Cermele & Wood LLP**
2 Westchester Park Drive
Suite 110
White Plains, NY 10604
www.cw.legal

the inspection of same.  To be clear, his computer is being provided solely to facilitate the viewing of the files, which require a Mac Computer.  His computer and the contents thereof are not being produced for inspection for any purpose whatsoever – only the external hard drive which will be connected thereto via a USB cable.

**C.  Copyright Registration Documents and Simply Swim Operating Agreement**

Although we believe Plaintiff's copyright registration documents have already been produced in this case and/or already in Defendants' possession, we have produced herewith, documents bates stamped P200000001718-49 in response to Defendants' document demands.  Similarly, the Simply Swim Operating Agreement is produced herewith, bearing the bates stamps P200000001750-84.

**D.  Defendants' Deficient Discovery Responses**

Generally, speaking, Defendant's boilerplate objections to Plaintiff's discovery responses and one-page privilege log make it unclear whether documents are being withheld on the basis of privilege above and beyond the documents listed in the privilege log.  Plaintiff demands that Defendants represent whether additional documents are being withheld on the basis of privilege, and if so, bates stamp the documents and add them to Defendants' privilege log.

Further, Defendants object to each and every document demand on the basis of "relevance".  This objection is unacceptable, as "relevance" is not a proper basis for objecting to discovery.  As you must be aware, the standard for discovery is whether the documents sought are reasonably calculated to lead to the discovery of admissible evidence.  There can be little doubt that each and every one of Plaintiff's document demands comply with that standard.  They go to the heart of this dispute and attempt to trace all of Defendants' actions, conduct and business practices employed in copying, imitating, infringing, and misappropriating Plaintiff's copyrighted materials and/or trade secrets.  Further, Defendants' refer Plaintiff to financial data of Defendants but even the financial data produced is on its face incomplete.  For instance, Plaintiff is entitled to Defendants' complete sales/financial data related to ALL patterns it used to conduct business during the relevant time period and not simply the copyrighted patterns and/or "Marimar Patterns".  If Defendants have any original patterns not taken from Plaintiff, we want it/them identified.  In short, Defendants have utterly failed to produce the particular documents requested in each of the subparts of the document demands.

Defendants also represent that certain emails are no longer available for production because of Defendants' archiving practices.  This response is unacceptable.  Defendants have an obligation to attempt to retrieve all prior emails and data that has purportedly been "deleted" or are missing.  To the extent those efforts are unavailing, Defendants must still represent to Plaintiff all good-faith actions taken to retrieve these emails so that Plaintiff may take its own steps to attempt to retrieve the data.  Put another way, I am advised by my IT professional that there are very few circumstances in which prior emails (even after the passage of significant time) cannot be retrieved and/or recovered in some form.

Katherine Romano, Esq.
July 29, 2019
Page 3 of 3

Plaintiff hereby demands that Defendants supplement forthwith their production to rectify the above deficiencies.  Failure to do so will compel Plaintiff to raise these issues with Judge Dickson.  Plaintiff is attempting in good faith to avoid deposing Ms. Connally twice simply because her first deposition will likely comprise of questions related to her efforts to comply with her discovery obligations and to establish the deficiencies in such efforts.  I am happy to get on a call this week to discuss in further detail a mutually agreeable resolution.

**E.  Privilege Log**

We are preparing a comprehensive privilege log that incorporates various additional documents identified as privileged and either redacted or withheld on such basis.  We anticipate having the log completed by Thursday, August 1, 2019 and will produce same at that time.

This letter is sent in good faith to resolve all discovery disputes between the parties and to forge a path for resolving any outstanding disputes.  Nothing contained herein shall be deemed an admission or waiver of any of Plaintiff's rights or remedies.  Thank you.

Very truly yours,

**SKIFF LAW FIRM LLC**

Gregory J. Skiff



**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
**WALSH.LAW**

Katherine M. Romano
Direct Dial: (973) 757-1036
kromano@walsh.law

August 5, 2019

*<u>Via Email</u>*
Gregory J. Skiff, Esq.
Skiff Law Firm LLC
28 Marlin Drive
Whippany, New Jersey 07981

Re:   **Marimar Textiles, Inc. v. Jude Clothing & Accessories Corporation, et al.
       <u>Case No.: 2:17-cv-02900 (ES)(JAD)</u>**

Dear Greg:

This firm represents Defendants Jude Clothing & Accessories Corporation, Jude Connally E-Commerce Corp., Jude Connally Sarasota Limited Liability Company, Jude Connally Westfield Limited Liability Company, and Jude Connally Zimmerman (collectively "Defendants") in the above-referenced matter. I write in response to your correspondence of July 29, 2019.

First, with respect to the hard drive production, we write to confirm that you will be present with Mr. Solazzo for inspection of the hard drive. If you do not plan to be present, please provide consent in writing acknowledging that we have consent to communicate directly with Mr. Solazzo regarding the hard drive, consistent with New Jersey Rule of Professional Conduct 4.2.

Second, with respect to the privilege log, Defendants are not withholding additional documents on the basis of privilege.

Third, with respect to your claim that Defendants' relevance objection is "unacceptable," we respectfully disagree. Relevance is a proper basis for objecting to discovery. Federal Rule of Civil Procedure 26(b)(1) specifically limits the appropriate scope of discovery to non-privileged matters that are "*relevant to any party's claim or defense and proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." (emphasis added). Courts in this District have consistently concluded that discovery requests "must be relevant to a claim and defense of either party." *NE Techs., Inc. v. Evolving Sys.*, Civ. No. 06-6061, 2008 U.S. Dist. LEXIS 85351, *11-12 (D.N.J. Sept. 12, 2008) (observing that parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings" (citation omitted)); *see Robinson v. Horizon Blue Cross-Blue Shield*, Civ. No. 2:12-CV-02981-ES-JAD, 2013 U.S. Dist. LEXIS *5-6 (D.N.J. Dec. 23, 2013) (denying motion to compel and granting protective order as to matters not relevant to the subject matter of the action).

Gregory J. Skiff, Esq.
August 5, 2019
Page 2

In this case, many of Plaintiff's discovery requests are wholly irrelevant to the issues raised in the First Amended Complaint. Defendants agree that Plaintiff is entitled to information regarding its sales, by pattern, and Defendant has produced that data in the form of spreadsheets Bates numbered JC01792 – JC01798. Defendants agree that Plaintiff is entitled to available communications between Defendants and Derun, Ying Li, and Ruth Bachmann, which Defendants have produced. Defendants' agreements and communications with entities not referenced in the Complaint and bearing no relationship to Plaintiff's claims are not relevant. For example, Defendants' agreements and communications with their freight forwarder, trucker, and cut-and-sew factories have zero relevance to whether Defendant infringed Plaintiff's copyrights or whether Defendant misappropriated trade secrets, as there is no allegation in the complaint that Plaintiff's claimed "trade secrets" had anything to do with freight forwarders, truckers, or cut-and-sew factories.

Fourth, Defendants' email production was the result of a good faith effort to locate all available responsive documents, as outlined in the attached Certification of Tom Connally. Discovery must be proportionate to the needs of the case. Jude Connally is a small business with limited staff and limited resources. Defendants have made good faith efforts, outlined in Defendants' Responses to Plaintiff's Document Requests and in the attached Certification, to retrieve archived and existing email communications and other documents relevant to Plaintiff's claims. A forensic examination to recover emails from 2010-2012 would be disproportionate to the needs of this case, and the burden and expense of such effort would outweigh its likely benefit. In this case, Plaintiff is just as capable of gathering relevant information via deposition testimony as via documents. Both Ying Li and Ruth Bachmann have responded to subpoenas in this matter and have offered deposition testimony directly relevant to Plaintiff's claims. Defendants have produced 1,859 responsive documents in this matter, and other than to say that Defendants' response is "unacceptable," Plaintiff has failed to identify any instance in which deposition testimony will be insufficient to satisfy its remaining discovery needs in this case.

Finally, Plaintiff's delay of over eight months in identifying alleged deficiencies in Defendants' production is inexcusable. Defendants served its Responses and Objections to Plaintiff's First Request for Production of Documents on November 9, 2018, together with its document production. Since that time, the parties have appeared before the Court for telephone conferences on November 13, 2018, January 24, 2019, and April 8, 2019, and for an in-person settlement conference on May 29, 2019. At no time did Plaintiff's counsel identify any deficiencies in Defendants' production. It was not until July 29, 2019, days before the previously anticipated discovery end date of July 31, 2019, that Plaintiff provided Defendants with a deficiency letter, and even this letter expresses only general dissatisfaction with Defendants' responses without identifying specific deficiencies. Plaintiff's letter reflects a failure to examine what was actually produced by Defendants. With respect to the sole specific deficiency alleged by Plaintiff, Plaintiff contends that it is "entitled to Defendants' complete sales/financial data related to ALL patterns it used to conduct business during the relevant time period and not simply the copyrighted patterns and/or 'Marimar Patterns.'" Defendants produced sales data related to all patterns at JC01792 – JC01798, on November 9, 2018.

Gregory J. Skiff, Esq.
August 5, 2019
Page 3

      Defendants have been prejudiced by Plaintiff's conduct. Defendants are incurring, and continue to incur, monthly data storage costs that have extended for month after month due to Plaintiff's repeated requests for extensions and failure to prosecute its own case. Because Plaintiff has failed to show any good cause why these issues could not have been raised in a timely fashion, because Defendants have already produced all relevant and responsive documents, and because any remaining factual questions can be explored via deposition testimony, Defendants reject Plaintiff's belated claims of deficiency. *See, e.g., Love v. City of S. Bend*, No. 3:15-cv-214, 2016 U.S. Dist. LEXIS 87900, *20-21 (N.D. Ind. July 7, 2016) (court rejected plaintiff's belated effort to compel responses where plaintiff "knew about [defendant's] discovery deficiencies for about eight months" before raising the issue with the court); *Lemon v. Harlem Globetrotters Int'l Inc.*, No. CV 04-299, 2006 U.S. Dist. LEXIS 88721, *6 (D. Ariz., Dec. 6, 2006) (court rejected plaintiff's attempt to belatedly assert discovery disputes "having failed to raise these issues in a timely manner").

      Plaintiff is free to raise these issues with Judge Dickson, and Defendants reserve the right to move for a protective order as needed to protect Defendants from "annoyance, embarrassment, oppression, or undue burden or expense" pursuant to Rule 16(c)(1). It will be Defendants' position that any motion to compel raised at this juncture, less than one month before the close of fact discovery, is untimely. *NE Techs., Inc.*, 2008 U.S. Dist. LEXIS 85351 at *11-12 (denying motion to compel raised sixteen days before the close of fact discovery as untimely raised, because "Plaintiff knew of the deadline in the scheduling order; Plaintiff knew of the procedure regarding discovery requests," and plaintiff should have known what documents it needed "at an earlier date in the litigation"); *see also Tormasi v. Hayman*, Civ. No. 08-4950, 2010 U.S. Dist. LEXIS 138196, *6-7 (D.N.J. Dec. 30, 2010) (rejecting plaintiff's request to issue subpoenas when plaintiff had more than two years to engage in fact discovery, but failed to make its request until 12 business days before the fact discovery end date).

      Very truly yours,

      *Katherine M. Romano*

      Katherine M. Romano

Attachment

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIMAR TEXTILES INC., <br><br> Plaintiff, <br><br> v. <br><br> JUDE CLOTHING & ACCESSORIES CORPORATION, ET AL. <br><br> Defendants. | Case No. 2:17-cv-02900-JLL-JAD <br><br> **CERTIFICATION OF THOMAS A. CONNALLY** <br><br> *Electronically Filed* |

I, Thomas A. Connally, hereby certify and state as follows:

1. I am Project Manager at Jude Clothing & Accessories Corporation ("Jude Connally" or "the Company") and my role at the Company includes assisting with information and technology issues.

2. I have made or caused to be made a good faith search for documents responsive to the non-objected to requests, as detailed below.

3. Jude Connally is a small business which currently has approximately 25 employees. As such, Jude Connally has limited technological resources and does not have full time information technology support, nor does the company have a business need to maintain records and/or emails for extended periods of time.

4. In 2010-2012, the period of time when Jude Connally did business with Marimar Textiles, Inc. and Simply Swim LLC, the company was still a relatively new business.

5. On or around April 2014, Jude Connally purchased and installed a server system for saving emails. Prior to April 2014, Jude Connally did not have a mail server.

1

6. On or about June 7, 2018, I conducted a universal search, encompassing all Company email boxes, from April 2014 to June 2018. I conducted the search using the following search terms: "Marimar Textiles," "Simply Swim," "Perennial Arts," "Derun," "Solazzo," and "Ying Li" (the "Search Terms").

7. The above reference universal search collected all emails containing the Search Terms for the following custodians: AdminJude Zimmerman, Angela Setikas, Anne Cary, Brittany Neitz, Caitlin Conheeney, Callista Potts, Carrie Klis, Cathy Brennan, Customer Service, Dianne Callahan, Donna McCarthy, Evie Klotz, Fanny Moelk, Grace Lee, Jayanna Brown, Jen Bevan, Jen Wallis, Jennifer Channell, Jennifer Tardibuono, Jessica Wrana, Jim Murphy, Jim Trani, Joanne Munyon, Joyce Klotz, Jude Connally Charleston, Jude Connally Westfield, Jude Zimmerman, Judy Laspesa, Kacy Mooney, Kate Boucher, Katie Antonucci, Kristen Devine, Laura and John Sullivan, Leslie Quinn, Libby Lemke, Lillian Chuang, Lisa Kenific, Maggie Feeney, Maria Kacha, Megan Costello, Mike Morris, Morgan Zolnoski, Nancy Webb, Nicole LaBruno, Nicole Viola, Peter Logue, Ravi Singh, Robyia Spriggins, Sandy Martinelli, Shuyang Peng, Tom Connally, Tom Dietrich, Tom Schimoler, Vasantika Isadas, Will VanWhy.

8. On or about July 5, 2018, I identified 11 Outlook PST files dated prior to April 2014. These files were discovered because they were saved prior to converting to the mail server system. These PST files contain all emails of the user, not just emails limited to the Search Terms.

9. On or about November 6, 2018, I searched the Search Terms in additional locations, and discovered additional emails that were saved locally.

10. In consultation with counsel, I provided all potentially relevant electronically stored information to counsel for review.

11. I also assisted the Company in collecting all potentially relevant hard copy documents, which were provided to counsel for review. This included a review of all available paper files.

12. I certify that as of this date, to the best of my knowledge and information, the production is complete and accurate based on my personal knowledge and/or information provided by others, with the exception of legal objections, reservations, elections to produce records and answer of counsel made thereto.

13. I acknowledge my continuing obligation to make a good faith effort to identify additional documents that are responsive to the request and to promptly produce supplemental documents, as appropriate, as I become aware of them.

Dated: August 5, 2019

_____
Thomas A. Connally