

Gregory J. Skiff, *Managing Partner*
gjs@skifflaw.com

September 12, 2019

*Via CM/ECF and*
*Facsimile (973.645.4549)*

Honorable Joseph A. Dickson
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Court Room MLK 2D
Newark, New Jersey 07101

    Re: *Marimar Textiles, Inc. v. Jude Connally, et al.*
       *United States District Court, District of New Jersey*
       *Civil Action Number 2:17-cv-02900-JLL-JAD*

Dear Judge Dickson:

This Firm represents plaintiff Marimar Textiles, Inc. ("**Marimar**") with respect to the above action.  I write in furtherance of the conference held before Your Honor on September 6, 2019.

By this letter-application, Marimar seeks an Order compelling:  (a) defendants Jude Connally, Jude Clothing & Accessories Corporation, Jude Connally E-Commerce Corp., Jude Connally Sarasota LLC and Jude Connally Westfield LLC (collectively, "**Defendants**") to produce copies of the illustrator files in .psd format or otherwise for all patterns used by Defendants in connection with their business operations since 2012; (b) Defendants to produce their general ledger(s); (c) Defendants to produce all settlement agreements entered by any or all of them, on the one hand, and Ruth Bachmann, on the other hand; (d) Defendants to certify that they have produced all documents concerning Defendants' dealings with Guangdong Derun Textile Co., Ltd. ("**Derun**"); and (d) non-party Proster Fashion Inc. ("**Proster**") to comply with the subpoena duly served on January 5, 2018.

Defendants have objected to the production of illustrator files for all patterns used in their business operations on the bases of relevancy and that such an undertaking would be overly burdensome.  This is confusing because Defendants also represented to Your Honor last week that Marimar could easily identify all infringing patterns and/or patterns that are the product of Defendants' misappropriation of Marimar's trade secrets by simply reviewing Defendants' website.  Obviously, this is untrue.  Websites can be and Defendants' website was in

NJ Office:
*By Appointment*

**Skiff Law Firm LLC**
28 Marlin Drive
Whippany, NJ 07981
(T) 201.787.8701
www.skifflaw.com

NY Office:
*Of Counsel*

**Cermele & Wood LLP**
2 Westchester Park Drive
Suite 110
White Plains, NY 10604
www.cw.legal

Hon. Joseph Dickson
September 12, 2019
Page 2 of 3

fact changed and modified over time.

Rather than produce all of the illustrator files, Defendants have unilaterally limited their production to only those patterns identified in the First Amended Complaint ("**FAC**").  Marimar insists, however, that all patterns of Defendants must be produced to be cross-referenced with its library of over 11,000 patterns so Marimar may identify *all* patterns Defendants have either infringed and/or misappropriated – not simply those patterns identified in the FAC.  As Marimar's damages are limited to only those infringing and/or misappropriated patterns, these documents are no doubt relevant to this action.

Further, Defendants have already conceded the fact that *all* patterns are relevant because they represented last week that they produced the sales data for *all* patterns.  Likewise, the images of those patterns are necessary to determine the extent of the infringement and/or misappropriation.  From various emails already produced by Defendants, it is apparent that they re-named Marimar's patterns to further disguise their infringement and/or misappropriation.  Accordingly, the images themselves are the only way Marimar can reasonably identify with certainty the patterns at issue in this case.

Defendants have also objected on the basis of relevancy to the production of their general ledger(s), which will show all payments made in connection with their business(es).  Marimar has set forth claims, among others, for copyright infringement and misappropriation of trade secrets.  Defendants motion to dismiss these claims was denied by Chief Judge Jose L. Linares.  *See* Dkt. No. 20.  Thus, Defendants' self-serving contention that Marimar's trade secrets are not *actually* trade secrets is of no moment.  Whether the alleged trade secrets constitute protectable trade secrets is a material issue in this case and, thus, all documents relevant to that issue are discoverable.  *And*, the above information in the general ledger(s) is relevant to Marimar's claims because it will show the means and methods used by Defendants to infringe Marimar's copyrighted patterns and/or misappropriate Marimar's trade secrets.

Notwithstanding the above, as is alleged in the FAC, Marimar's trade secrets consist of:  (a) the patterns themselves; (b) information concerning the identity and contact details for Marimar's factories; (c) factory pricing; (d) manufacturing capabilities and capacities; (e) Marimar's style numbers (between it and the factories); (f) Marimar's wholesale prices to its customers; (g) Marimar's profit margins; (h) Marimar's pricing structure, print library, specifications, design, engraving and sale of Marimar's patterns; and (i) identities of and contact details for Marimar's customers.  (*See* FAC ¶16.)  These trade secrets were developed and maintained through the expenditure of considerable time, effort and expense, and they have a substantial competitive value to Marimar, forming the essential core of Marimar's business.  (*See* id. ¶17.)  Despite Defendants' self-serving contentions to the contrary, these trade secrets are not generally known and are not readily ascertainable by proper means from any publicly-available sources, they are directly related to and are used in Marimar's business, and they do provide Marimar with a competitive advantage over those who do not have this information.  (*See* id.)  Marimar made and makes reasonable and diligent efforts to protect and keep secret these trade secrets, including, without limitation, not permitting access to the information by the general public, instructing employees and consultants

Hon. Joseph Dickson
September 12, 2019
Page 3 of 3

not to disclose the information to anyone outside of Marimar, and restricting access by Marimar employees and consultants to these trade secrets to a need-to-know basis.  (*See* id. ¶18.)

Marimar has the burden of proof to establish how Defendants infringed Marimar's copyrighted patterns and misappropriated Marimar's trade secrets.  Although Marimar is aware non-party Ruth Bachmann unlawfully and improperly copied Marimar's library of over 11,000 patterns for use by Defendants when she left the employ of Marimar's affiliate, Simply Swim LLC, and became an employee of Defendants, Marimar requires discovery to articulate and identify the extent of Defendants' business operations used to create garments and/or apparel bearing Marimar's patterns.  The general ledger will provide much needed information to identify not only the non-parties used by Defendants to infringe and/or misappropriate, such as, among others, the fabric production factory, cut-and-sew factory, freight forwarder, trucker, and factoring company, but also the extent of such infringement and/or misappropriation – *i.e.*, the volume of fabric produced by Defendants bearing Marimar's patterns without Marimar's permission or authorization and without properly compensating Marimar for the use of such patterns (as Defendants had done prior to 2012).  Accordingly, the general ledger(s) are relevant to issues of liability and damages.

Marimar duly served non-party Proster with a Subpoena to Testify at a Deposition in a Civil Action (the "**Subpoena**") on January 5, 2018 and it failed and refused to respond.  A true and correct copy of the Subpoena along with proof of service is annexed hereto.  Marimar's principal, on or about February 2018, approached Proster to inquire as to its response to the Subpoena, and it failed and refused to respond.  By letter dated January 17, 2019, the undersigned urged Proster's compliance with the Subpoena, to no avail.  A true and correct copy of the January 17 letter is annexed hereto.

Based on the foregoing, Marimar respectfully requests that Your Honor enter an Order, compelling:  (a) Defendants to produce copies of the illustrator files in .psd format or otherwise for all patterns used by Defendants in connection with their business operations since 2012; (b) Defendants to produce their general ledger(s); (c) Defendants to produce all settlement agreements entered by any or all of them, on the one hand, and Ruth Bachmann, on the other hand; (d) Defendants to certify that they have produced all documents concerning Defendants' dealings with Derun; and (d) non-party Proster to comply with the subpoena duly served on January 5, 2018.

Thank you for your time and consideration of this matter.

Respectfully,

SKIFF LAW FIRM LLC

Gregory J. Skiff

cc:     Marc Haefner, Esq. (via CM/ECF)