

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Marc D. Haefner
Direct Dial: (973) 757-1013
mhaefner@walsh.law

December 31, 2019

**VIA ECF**
Honorable Joseph A. Dickson, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

> Re:    **Marimar Textiles, Inc. v. Jude Clothing & Accessories Corporation, et al.**
> **Case No.: 2:17-cv-02900 (ES)(JAD)**

Dear Judge Dickson:

This firm represents Defendants Jude Clothing & Accessories Corporation, Jude Connally E-Commerce Corp., Jude Connally Sarasota Limited Liability Company, Jude Connally Westfield Limited Liability Company, and Jude Connally Zimmerman (collectively "Defendants") in the above-referenced matter.  I write in response to Plaintiff's letters of December 17, 2019 (ECF No. 57) and December 19, 2019 (ECF No. 59), in which Plaintiff seeks an extension of the fact discovery end date, an order compelling Defendants to produce additional documents, and an order requiring Defendants' consultant, Ravi Singh, to appear for a second deposition. For the reasons described below, Defendants object to Plaintiff's requests and ask that the Court issue a scheduling order setting deadlines for expert discovery and summary judgment briefing.

## I.    Procedural History

Briefly by way of background, Defendants note that the original complaint in this action was filed on April 27, 2017. (ECF No. 1.) Since that time, Defendants have proceeded diligently to comply with their obligations under the Federal Rules of Civil Procedure, including the production of documents.  As is relevant here:

- In advance of a settlement conference, Defendants produced on May 1, 2018 and May 8, 2018 documents bearing Bates number JC000018-JC00150, consisting of "mini profit & loss" statements, together with supporting documents, for the ten patterns identified in the First Amended Complaint as the "original Marimar Textile Patterns." (*See* ECF 10 (Compl.) at ¶ 32.)   Copies of Defendants' production letters accompanying those productions are attached together at Exhibit A.

Hon. Joseph A. Dickson, U.S.M.J.
December 31, 2019
Page 2

- On November 9, 2018, Defendants produced additional documents bearing Bates numbers JC00152-JC01859, in response to Plaintiff's document requests. Included in this production were documents consisting of excel spreadsheets bearing bates numbers JC01792 – JC01798, which contain yearly sales data, identified by Defendants' pattern name and number.  The data contained in these spreadsheets included sales for each and every one of Defendants' patterns, not just the ten "Marimar Textile Patterns" identified in the First Amended Complaint.   A copy of the cover letter accompanying that production and a copy of Defendants' written responses to Plaintiff's documents requests are attached together as Exhibit B.

Thereafter, the parties appeared at status conferences before Your Honor on November 13, 2018, January 24, 2019, April 9, 2019, and May 29, 2019.  Plaintiff, however, identified no claimed deficiencies with Defendants' production until July 29, 2019, days before the anticipated fact discovery end date of July 31, 2019.

The parties appeared before Your Honor for an in-person status conference on September 6, 2019, to address issues relating to document discovery.  Following the conference, the Court issued an order on September 6, 2019, extending the deadline for fact discovery to December 13, 2018 and noting that no further extensions would be granted. (ECF No. 50.) Following that conference, the parties submitted letter briefs regarding the outstanding document discovery issues, which the Court resolved by order dated October 25, 2019. (ECF No. 53.)

Although Plaintiff was provided with ample opportunity to raise any issues relating to document discovery in September 2019, Plaintiff now seeks additional document discovery and attempts to re-litigate issues resolved by Your Honor's October 25, 2019 letter order.  Defendants respectfully submit that the Court should reject Plaintiff's request for additional discovery.  *See* Fed. R. Civ. P. 26(b)(2)(C)(ii) (providing that the Court may limit the extent of discovery where the party "has had ample opportunity to obtain the information by discovery in the action").

## II.    Defendants Have Never Misrepresented What Was Produced to Plaintiff, and Depositions Revealed Nothing New About What Was or Was Not Produced to Plaintiff.

Defendants clearly described what was being produced to Plaintiff in production cover letters dated May 1, 2018, May 8, 2018, and November 9, 2018, and in Defendants' written responses to Plaintiff's document requests.  (*See* Exs A, B.)  Nothing was ever misrepresented to Plaintiff. Nothing in the deposition testimony of Defendant Jude Connally Zimmerman or Defendants' consultant, Ravi Singh, contained any new information regarding what was or was not produced in this litigation.  To determine what was produced in this litigation, counsel needed only to review the correspondence accompanying the productions, the written discovery responses, and the produced documents themselves.

It is unclear from Plaintiff's submissions of December 17, 2019 and December 19, 2019 exactly what Plaintiff contends to be the "Purchase-and-Sale Documents" that Defendants allegedly failed to produce. It appears that Plaintiff is referring to the "mini profit and loss"

Hon. Joseph A. Dickson, U.S.M.J.
December 31, 2019
Page 3

statements and supporting documents (JC000018-JC000150) that Defendants produced in May 2018 with respect to the ten "original Marimar Textile Patterns" identified in the First Amended Complaint.

As evidenced by the cover letters accompanying Defendants' May 2018 productions and Defendants' written responses to Plaintiff's discovery requests, which clearly described what documents were being produced, it was no secret that Defendants had not prepared "mini profit and loss" statements together with supporting documents for patterns other than the ten "original Marimar Textile Patterns" specifically identified in the First Amended Complaint – nor would it have been possible for Defendants to do so, given that prior to Plaintiff's letter to Your Honor dated December 17, 2019, Plaintiff never specifically identified the "Other Marimar Patterns" it claims were misappropriated.

To the extent Plaintiff suggests that deposition testimony revealed that the spreadsheets numbered JC01792 – JC01798 do not contain complete sales data by year, Plaintiff is mistaken. Even a cursory glance at these spreadsheets makes clear that they reference sales as to many, many more than ten patterns.  Neither Ms. Zimmerman nor Mr. Singh testified to the contrary.

Defendants propounded interrogatories on Plaintiff specifically asking Plaintiff to identify the factual basis for its claims that Defendants sold dresses bearing duplicates or copies of any Marimar pattern (whether specifically identified in the Marimar's pleadings or not), and Plaintiff responded only by directing Defendants generally to its production. (*See* Pl.'s Resp. to Interrogatories at 13 (Interrogatories No. 14 and 15), attached as Exhibit C.)  Plaintiff produced documents to Defendants that included many, many screenshots of Jude Connally products. Plaintiff apparently now claims that this was sufficient to place Defendants on notice that it was claiming ownership of all of the Jude Connally patterns identified in those screenshots, without ever making that explicit. Defendant's obligations under the Federal Rules of Civil Procedure, however, do not include an obligation to wade through hundreds of unidentified documents in order to intuit Plaintiff's claims.  *See, e.g., Clientron Corp. v. Devon IT, Inc*., 310 F.R.D. 262, 266 (E.D. Pa. 2015) (granting sanctions for discovery abuses and observing that a "data dump" which "did not at all detail the documents [defendant] produced into topics, categories, or other subjects . . . is not accepted in normal discovery practice by a party producing documents in commercial litigation").  It is Plaintiff's obligation to assert its claims and to pursue discovery of documents required to support those claims. Plaintiff appears unsatisfied with the fact that there is a factual dispute as to whether certain patterns were created by Plaintiff or Defendants, and Plaintiff is unhappy with the fact that Defendant Jude Zimmerman testified that certain of the patterns depicted in various screenshots were original to Jude Connally.

In addition, Plaintiff suggests to Your Honor that it produced on December 21, 2018 the entire electronic library of more than 11,000 Marimar Patterns, and that Defendants should have been able to search through that massive library of patterns in order to identify patterns that matched or resembled patterns used for Jude Connally products.  In fact, Plaintiff has never produced the electronic library in a reasonably usable form and Defendants were unable to open any of the files.  *See* Fed. R. Civ. P. 34(a)(1)(A).  As a form of compromise in lieu of production in a reasonably usable form, Defendants agreed to an inspection of the pattern library which took

Hon. Joseph A. Dickson, U.S.M.J.
December 31, 2019
Page 4

place on November 19, 2019. Plaintiff apparently suggests that Defendants should have searched through thousands of files to locate any potential matches to any of the dozens of patterns utilized by Jude Connally over the last ten years. It is Plaintiff's obligation to assert its claims, it is not Defendants' obligation to search through a haystack for the needle of a potential claim on Plaintiff's behalf.

Plaintiff's position appears to boil down to the following: Plaintiff believes that Defendants stole or copied a large number of Marimar patterns – many more than the patterns specifically identified in Plaintiff's pleadings and discovery responses. Despite Plaintiff's general assertions, it now appears to be Plaintiff's position that Defendants nevertheless had an affirmative obligation to go through their own documents and Plaintiff's confused and confusing documents and admit to Plaintiff what Defendants stole from Plaintiff. There are two issues with Plaintiff's "tell me what you stole from me" position. First, because Defendants do not think that they stole anything from Plaintiff, they have already responded by not supplying further information. That Plaintiff is unhappy that the parties have a fundamental disagreement about whether the patterns are the same or were stolen is not a function of any discovery failure by Defendants. Second, Plaintiff's approach turns discovery on its head. If Plaintiff wanted sales information on specific undisclosed patterns it should have and could have pleaded the secret patterns in its complaint, or specifically asked about them in written discovery, or asked specific questions about the secret patterns at the depositions. Plaintiff did none of these things. Now, after the period for fact discovery has ended, it is too late to start from scratch.

Indeed, Plaintiff's counsel represented to the Court that it put together the document titled "Exhibit A" to Plaintiff's December 17, 2019 letter the night before the parties' recent status conference, begging the question as to why, if such a document could be assembled in one evening, this type of document – which could have been appended to the complaint itself – and/or a request for additional documents related to the list was never previously provided to Defendants. If Plaintiff believed such documents were necessary to prove its claims, it should have asked about this during the year that has elapsed since Defendants' document production.

In short, Plaintiff has provided no justification for its delay in requesting additional documents, and its request for further discovery at this late stage should be rejected. *See Johnson v. ThruPoint, Inc.*, 160 F. App'x 159, 162 (3d Cir. 2005) (affirming trial court's order refusing plaintiff's request to amend his complaint and obtain additional discovery, observing that "[u]ntimely amendments and discovery are disfavored where the movant offers no justification for the delay," and that plaintiff "presented no reason why he could not have . . . obtained the materials he belatedly sought during the regular course of discovery"). In addition, Plaintiff's letters make clear that it continues to pursue discovery of Defendants' entire business operation, a fishing expedition which was specifically and appropriately rejected by this Court in its order of October 25, 2019. (*See* ECF No. 53). *See, e.g., Barrouk v. PNC Bank, N.A.*, 3:14-cv-1102, 2015 WL 9480027, *2 (M.D. Pa. Dec. 29, 2015) (rejecting request for additional discovery and granting protective order, observing that plaintiff's request "came after multiple enlargements of the discovery period in this action," and that "the interests of justice commend bringing discovery to a close and moving forward with the litigation.").

Hon. Joseph A. Dickson, U.S.M.J.
December 31, 2019
Page 5

### III. Defendants Have Been Prejudiced by Plaintiff's Disregard for Discovery Deadlines, and Additional Document Production Would Constitute an Undue Burden Disproportionate to the Needs of this Case.

Plaintiff has exhibited a pattern of belated, last-minute requests and disregard for discovery deadlines and scheduling orders of this Court, including the Court's Orders of June 14, 2019 (ECF No. 42) and September 6, 2019 (ECF No. 50). As Your Honor is aware and as summarized in Defendants' letters of July 15, 2019 (ECF No. 43) and September 19, 2019 (ECF No. 52), attached together at Exhibit D, this is now the second time that Plaintiff has waited until the expiration of the fact discovery end date in order to make additional discovery requests. Defendants have incurred and continue to incur monthly data storage costs related to document production in this case, and Defendants have incurred unnecessary legal fees in dealing with Plaintiff's belated requests.  Any further delays in bringing discovery to a close unnecessarily increases Defendants' costs and expenses.  This case having been initiated nearly three years ago, Defendants seek to move for summary judgment as soon as possible to bring this case to a close.  *See, e.g., Reed v. Citigroup, Inc.*, No. 12-cv-2934, 2014 WL 1958387, *6-7 (D.N.J. May 15, 2014) (upholding Magistrate Judge's Order denying plaintiff's request for additional discovery, observing that "it should be noted that this case is poised, after being commenced nearly two years ago, for summary judgment motions to be filed.  To permit further discovery now would prejudice both parties by incurring additional expense and diverting the focus from the preparation of these dispositive motions.")

Putting together an additional document production relating to the approximately 67 patterns belatedly identified by Plaintiff would impose an undue burden on Defendants.  At the time the original "mini profit and loss" statements and supporting documents were compiled by Ravi Singh on behalf of Defendants, Mr. Singh was a salaried employee of Jude Clothing & Accessories Corporation. Mr. Singh is no longer an employee of Jude Connally and now provides services to the company as a consultant at an hourly rate. Accordingly, to have Mr. Singh put together 67 additional "mini profit and loss" statements and supporting documents now would require the Jude Connally companies to expend significant additional resources due solely to the fact of Plaintiff's delay in making this request.  Had Plaintiff timely made this request in 2018, Mr. Singh could have performed this task as part of his duties as a salaried employee at no additional cost to Defendants.

Plaintiff's request is also disproportionate to the needs of this case given the discovery that has already taken place.  *See* Fed. R. Civ. P. 26(b)(1). Importantly, the "Other Marimar Patterns" as to which Plaintiff seeks additional discovery are not relevant to Plaintiff's copyright claims. Plaintiff does not purport to hold copyright registrations for the patterns and has not claimed that Defendants' alleged use of those patterns constituted copyright infringement. The "Other Marimar Patterns" are relevant only because Plaintiff claims that they were "confidential information" or "trade secrets" that were misappropriated by a former employee of Plaintiff who later became an employee of Defendants. It is clear from Plaintiff's deposition, however, that Marimar's thousands of patterns were regularly available to prospective customers (including employees of Jude Connally), to browse, and customers (including employees of Jude Connally), were regularly permitted to take fabric samples bearing those patterns from Plaintiff's showroom. The patterns

Hon. Joseph A. Dickson, U.S.M.J.
December 31, 2019
Page 6

themselves, therefore, cannot themselves constitute protectible "confidential information" or "trade secrets." Moreover, Plaintiff admits that Defendants purchased fabric bearing the "Marimar Patterns" in ordinary business transactions through Plaintiff or Simply Swim (a company under common ownership). (*See* ECF No. 10 (FAC) ¶ 15.)  To the extent Defendants profited from the "Other Marimar Patterns," therefore, it was because Plaintiff itself provided the patterns to Defendants, not because Defendants misappropriated anything confidential from Plaintiff. In light of the discovery that has already taken place, requiring Defendants to go back and engage in the costly exercise of collecting and producing additional documents would be disproportionate to the needs of this case and unduly burdensome under the circumstances.[1]

## IV.    Plaintiff's Claims of Gamesmanship are Unfounded

Plaintiff suggested in its letters of December 17, 2019 and December 19, 2019 that Defendants strategically scheduled depositions on the eve of the close of fact discovery in order to prevent Plaintiff from obtaining additional discovery. This is untrue and  unfounded. Plaintiff first reached out to Defendants regarding deposition scheduling on November 12, 2019; Defendants responded promptly, and the parties mutually agreed that Plaintiff's deposition would proceed on November 25 and 26, 2019 and that Defendants' depositions would proceed on December 10 and 11, 2019 due to Defendants' client unavailability from December 3-6, 2019.  At that time, Plaintiff made no request for additional time and expressed no concerns regarding the proximity of depositions to the fact discovery deadline. Despite the Court's admonition in its Order of September 6, 2019 that no further extensions would be granted, Plaintiff failed to request any extension of time from the Court until after the fact discovery period had closed. (*See* ECF No. 50.)  In addition, although Plaintiff now appears to be aggrieved by the fact that the Court did not issue its Order regarding the alleged discovery deficiencies until October 25, 2019 (see Ltr. of Dec. 17, 2019 at 3), Plaintiff did not, at that time, request an extension of the fact discovery end date, nor has any explanation been provided as to why Plaintiff waited until November 12, 2019 to initiate conversation about the scheduling of depositions.

<p align="center">*          *          *</p>

For the reasons stated above, Defendants respectfully request that the Court issue an order denying Plaintiff's requests for additional fact discovery and setting a schedule for expert discovery and the briefing of dispositive motions.

---

[1] Plaintiff argued in its letter of December 17, 2019 that Defendants conceded the relevance of "purchase-and-sale" documents because Defendants provided such documents for the patterns identified in the First Amended Complaint.  (Ltr. of Dec. 17, 2019 at 3.) Not so.  Defendants provided "mini profit and loss statements" and supporting documents for the copyrighted Marimar Patterns at issue in this case.  The purchase of fabric bearing copyrighted patterns from a third party could arguably be relevant to liability as to copyright infringement claim; the elements of misappropriation of confidential information and trade secret claims are completely different, and the "Other Marimar Patterns" relate only to those non-copyright claims.

Hon. Joseph A. Dickson, U.S.M.J.
December 31, 2019
Page 7

Respectfully submitted,

Marc D. Haefner

cc:     All Counsel of Record (*via email*)

# EXHIBIT A



**One Riverfront Plaza**

1037 Raymond Blvd, Suite 600
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Marc D. Haefner
Direct Dial: (973) 757-1013
mhaefner@walsh.law

May 1, 2018

**VIA EMAIL (gjs@skifflaw.com)**
Gregory J. Skiff
Skiff Law Firm LLC
28 Marlin Drive
Whippany, NJ 07981

  Re: **Marimar Textiles, Inc. v. Jude Clothing & Accessories Corporation, et al.**

Dear Mr. Skiff:

  As you are aware, this firm represents Defendants Jude Clothing & Accessories Corporation, Jude Connally E-Commerce Corp., Jude Connally Sarasota Limited Liability Company, Jude Connally Westfield Limited Liability Company, and Jude Connally Zimmerman (collectively "Defendants") in the above-referenced matter.

  As discussed, in an effort to further settlement discussions and in anticipation of our upcoming settlement conference in this matter on May 8, 2018, enclosed is a secure link to the documents containing bates JC00018-JC00115, which consist of "mini profit & loss" statements, together with supporting documents, for seven of the ten patterns specifically identified in the First Amended Complaint. We anticipate producing additional documents related to the balance of the patterns soon.

  The "mini p&l" statements prepared by our client are produced for settlement purposes only pursuant to Fed. R. Evid. 408, as we provide those documents in an effort to facilitate settlement, without waiving Defendants' rights to assert defenses to Plaintiff's claims for damages, including statute of limitations defenses. The "mini p&l" statements are marked accordingly as "for settlement purposes pursuant to Fed. R. Evid. 408"; the supporting documents are not. The supporting documents are representative of the documents and types of documents that Defendants would use to support their position as to damages, but do not purport to be comprehensive.

Gregory J. Skiff
May 1, 2018
Page 2


Should you have any questions, please do not hesitate to contact me.


Very truly yours,

Marc D. Haefner

Enclosures



**One Riverfront Plaza**

1037 Raymond Blvd, Suite 600
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Marc D. Haefner
Direct Dial: (973) 757-1013
mhaefner@walsh.law

May 8, 2018

**VIA EMAIL (gjs@skifflaw.com)**
Gregory J. Skiff
Skiff Law Firm LLC
28 Marlin Drive
Whippany, NJ 07981

      **Re:    Marimar Textiles, Inc. v. Jude Clothing & Accessories Corporation, et al.**

Dear Mr. Skiff:

As you are aware, this firm represents Defendants Jude Clothing & Accessories Corporation, Jude Connally E-Commerce Corp., Jude Connally Sarasota Limited Liability Company, Jude Connally Westfield Limited Liability Company, and Jude Connally Zimmerman (collectively "Defendants") in the above-referenced matter.

As discussed, in an effort to further settlement discussions and in anticipation of our upcoming settlement conference in this matter, enclosed is a secure link to the documents containing bates JC00116-JC00151.   Documents numbered JC00116-JC00150 consist of additional "mini profit & loss" statements, together with supporting documents, for the remaining three of the ten patterns specifically identified in the First Amended Complaint. Document numbered JC00151 consists of a copy of a Derun webpage, from July 2012.

The "mini p&l" statements prepared by our client are produced for settlement purposes only pursuant to Fed. R. Evid. 408, as we provide those documents in an effort to facilitate settlement, without waiving Defendants' rights to assert defenses to Plaintiff's claims for damages, including statute of limitations defenses.  The "mini p&l" statements are marked accordingly as "for settlement purposes pursuant to Fed. R. Evid. 408"; the supporting documents are not.  The supporting documents are representative of the documents and types of documents that Defendants would use to support their position as to damages, but do not purport to be comprehensive.

Gregory J. Skiff
May 8, 2018
Page 2


       Should you have any questions, please do not hesitate to contact me.


                       Very truly yours,

                       Marc D. Haefner

Enclosures

# EXHIBIT B



**WALSH PIZZI O'REILLY FALANGA**

One Riverfront Plaza

1037 Raymond Blvd, Suite 600
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Marc D. Haefner
Direct Dial: (973) 757-1013
mhaefner@walsh.law

November 9, 2018

**VIA EMAIL (gjs@skifflaw.com)**
Gregory J. Skiff
Skiff Law Firm LLC
28 Marlin Drive
Whippany, NJ 07981

Re:     *Marimar Textiles, Inc. v. Jude Clothing & Accessories Corporation, et al.,*
        *17-cv-2900-JLL-JAD*

Dear Mr. Skiff:

As you are aware, this firm represents Defendants Jude Clothing & Accessories Corporation, Jude Connally E-Commerce Corp., Jude Connally Sarasota Limited Liability Company, Jude Connally Westfield Limited Liability Company, and Jude Connally Zimmerman (collectively "Defendants") in the above-referenced matter.

Enclosed is a secure link to a folder containing Defendants' Responses to Plaintiff's First Set of Requests for Production of Documents, privilege log, and documents bearing Bates numbers JC00152-JC01859.   Please note that the documents are marked CONFIDENTIAL pursuant to the parties' Discovery Confidentiality Order.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Marc D. Haefner

Peter J. Pizzi
Marc D. Haefner
Katherine M. Romano
Colleen M. Maker
WALSH PIZZI O'REILLY FALANGA LLP
One Riverfront Plaza
1037 Raymond Boulevard, Suite 600
Newark, New Jersey 07102
Tel: (973) 757-1100

*Attorneys for Defendants Jude Clothing*
*& Accessories Corporation, Jude Connally*
*E-Commerce Corp., Jude Connally Sarasota*
*Limited Liability Company, Jude Connally*
*Westfield Limited Liability Company,*
*and Jude Connally Zimmerman*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIMAR TEXTILES INC., | Civil Action No. 2:17-cv-02900-JLL-JAD |
| Plaintiff, | |
| v. | |
| JUDE CLOTHING & ACCESSORIES CORPORATION, ET AL. | |
| Defendants. | |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants Jude Clothing & Accessories Corporation, Jude Connally E-Commerce Corp., Jude Connally Sarasota Limited Liability Company, Jude Connally Westfield Limited Liability Company, and Jude Connally Zimmerman ("Defendants") by and through undersigned counsel and pursuant to Fed.R.Civ.P. 34 and L.Civ.R. 34.1, hereby serve their responses and

objections to Plaintiff, Marimar Textiles, Inc.'s ("Plaintiff's") First Request for Production of Documents.

## **GENERAL OBJECTIONS**

To the extent applicable, each of these General Objections is part of the Response to each Request. Any specific objection identified in any Response is not to be construed as a waiver of any other General Objection applicable to such requests.

1.      Defendants object to Plaintiff's "Definitions" to the extent that they are overly broad, vague and ambiguous, and/or inconsistent with the Federal Rules of Civil Procedure.

2.      Where a discovery request includes words that may be legally significant, Defendants do not, by responding, necessarily agree with the implication of the request.

3.      Defendants object to Plaintiff's Requests to the extent that Plaintiff seeks to: (a) require Defendants to provide any information beyond what is available to Defendants at present from a reasonable search of files and reasonable inquiry of their present employees; and/or (b) impose on Defendants any other obligation not imposed by the Federal Rules of Civil Procedure or the Local Civil Rules for the District of New Jersey.

4.      To the extent any of Plaintiff's First Set of Requests for Production of Documents requests materials subject to the attorney-client privilege, the work-product immunity, the attorney work product doctrine, the common interest privilege, or any other privilege recognized by law, it is hereby objected to on that basis. If required by law, any communications or information withheld from production on such basis will be further identified in a listing of privileged and work-product which will be exchanged at a date to be agreed upon among counsel, to the extent the information sought is relevant and not otherwise objectionable.

Information that is not privileged or is not attorney work-product will be produced to Plaintiff unless their production is objected to on some other basis.

5.      Defendants object to Plaintiff's Requests to the extent that they seek responses which contain confidential and proprietary business and financial information. Unless it is otherwise objectionable, Defendants will provide confidential and proprietary business and financial information subject to the Stipulated Discovery Confidentiality Order. Each document in this production has been marked "CONFIDENTIAL" pursuant to the terms of that Order.

6.      Defendants object to Plaintiff's Requests to the extent they are not relevant to any party's claim or defense, or not proportional to the needs of the case.

7.      Defendants object to Plaintiff's Requests to the extent they are not sufficiently limited or are overbroad, unduly burdensome, and outside the scope of discovery. Defendants are willing, however, to confer with Plaintiff in an effort to resolve any disagreements between the parties relating to the scope, breadth and relevancy of Plaintiff's Requests.

8.      Defendants object to any and all requests to the extent that they are repetitive, overlapping or duplicative.

9.      Defendants object to any and all Requests to the extent they are vague, ambiguous, or capable of multiple meanings or interpretations. Defendants will attempt to interpret each request as best they can and will respond in accordance with such interpretation. Defendants reserve all of their objections to the extent that Plaintiff maintains such request(s) should be interpreted in a manner inconsistent with Defendants' interpretation.

10.     To the extent that Defendants respond to any Request, the Response is an effort to expedite discovery in this action, and nothing in the Response should be construed as waiving rights or objections which otherwise might be available to Defendants, including to any

additional, supplemental or further Requests or parts thereof, nor should Defendants responding to any of the Requests be deemed an admission of relevancy, materiality or admissibility in evidence of the Request or the Response thereto.

11.     Defendants' investigation of this matter is ongoing. Defendants' Responses are based upon information presently available to Defendants after reasonable inquiry. Defendants reserve the right to amend or supplement the Responses as additional information becomes available, or if they become aware of additional information.

12.     To the extent specific General Objections are cited in a specific Response, those specific citations are provided because they are believed to be particularly applicable to the specific Request and are not to be construed as a waiver of any General Objection applicable to information failing within the scope of the Request.

<u>**RESPONSES TO DOCUMENT REQUESTS**</u>

1.     All documents concerning communications and/or agreements between any or all of Defendants, on the one hand, and third-parties, on the other hand (so as not to be limited by Letter "I" of the "Definitions and Instructions," supra), including, without limitation, Bachman, Li, Derun Printers, Proster, Sterling Factors, Funtex, any Freight Forwarder and Trucker, and/or which are concerning:

    a.  The Marimar Patterns (as defined in the Complaint);

    b.  Plaintiff, its business operations, and/or any of the work, services and/or products owned, sold and/or provided by Plaintiff; or

    c.  Defendants, their business operations (e.g., the production of fabrics, prints, garments, styles, apparel, accessories and the like, at retail or otherwise), and/or any of the work, services and/or products purportedly owned, sold and/or provided by Defendants.

**RESPONSE:** Defendants incorporate the General Objections as if set forth fully herein. Defendants further object to this Request to the extent it seeks information and documents subject to the attorney-client privilege and/or work-product doctrines.  Defendants further object

to this Request to the extent it is vague, ambiguous, unduly burdensome, and seeks information and documents not relevant to any claim or defense in this matter.

Without waiving these objections, in the spirit of cooperation, subject to the right to amend upon the completion of discovery, see documents produced herewith, and in particular, documents produced bearing Bates numbers JC00152-JC01791, which include email communications, with attachments, involving Ruth Bachmann, Ying Li, Perennial Arts, and Derun. See also documents previously produced bearing Bates numbers JC00018-JC00151, which contain "mini" profit and loss statements relating to each of the patterns identified in the Complaint, together with supporting documentation including invoices and sales information.

Defendants conducted a search of archived email across all custodians for documents associated with or referencing Ruth Bachmann, Ying Li, Perennial Arts, and Derun, including a search for all emails that could be recovered from Ms. Bachmann's Jude Connally email mailbox. Defendants did not begin archiving email until March 2014 and have conducted a search for email prior to March 2014 from relevant custodians. Defendants' ESI production of email includes all that could be recovered from Ruth Bachmann's Jude Connally email box (see JC00152-JC00180), all communications to/from any employee of Defendants and Ying Li, and communications referencing Perennial Arts (see JC00181-JC01094), and all communications referencing "Derun" and the term "invoice" (see JC01411-JC01791). Defendants' ESI production of email covers the date range March 27, 2014 (the earliest date for which archived email communications are available) through April 27, 2016 (the date on which Plaintiff filed its Complaint in this action).

Documents relating to communications and agreements between Defendants and Proster, Sterling Factors, Funtex, and any Freight Forwarder and Truckers, to the extent such documents exist, are irrelevant to this matter. Defendants refer Plaintiff to documents produced bearing Bates numbers JC01792-JC01798, which contain yearly sales data, by pattern.

2.      All documents concerning communications and/or agreements between any or all of Defendants, on the one hand, and any plants commissioned by Defendants to create prints, including, but not limited to Derun Printers, on the other hand, including, but certainly not limited to:

a.   Purchase orders;

b.   Pattern samples and references;

c.   Invoices;

d.   Illustrator files, which are known to contain information concerning pattern numbers/references;

      e.   monthly statements provided by Derun Printers, which are known to contain information concerning purchase order numbers/references, pattern numbers/references, shipping dates and invoice numbers/references; and

      f.   any documents containing information concerning purchase order numbers/references, pattern numbers/references, illustrator files, shipping dates or invoice numbers/references.

**RESPONSE:** Defendants incorporate the General Objections as if set forth fully herein. Defendants further object to this Request to the extent it seeks information and documents subject to the attorney-client privilege and/or work-product doctrines. Defendants further object to this Request to the extent it is vague, ambiguous, unduly burdensome, and seeks information and documents not relevant to any claim or defense in this matter.

Without waiving these objections, in the spirit of cooperation, subject to the right to amend upon the completion of discovery, see documents produced herewith, and in particular, those produced bearing JC-01411-JC01791, which contain email communications involving Derun (described above) and documents previously produced bearing JC00018-JC00151, which contain "mini" profit and loss statements relating to each of the patterns identified in the Complaint together with supporting documentation including invoices and sales information.

      3.     All documents concerning communications and/or agreements between any or all of Defendants, on the one hand, and any cut-and-sew factory commissioned by Defendants, including, but not limited to, Proster, on the other hand, including, but certainly not limited to:

      a.   bills of lading;

      b.   receiving reports;

      c.   purchase orders; and

      d.   any documents containing information concerning and/or depicting garments/styles, instructions for cuts, costs for the cut-and-sew requests, total quantities of the prints or finished garments/styles, or the agreed-to costs for manufacturing finished garments/styles.

**RESPONSE:** Defendants incorporate the General Objections as if set forth fully herein. Defendants further object to this Request to the extent it seeks information and documents subject to the attorney-client privilege and/or work-product doctrines. Defendants further object to this Request to the extent it is vague, ambiguous, unduly burdensome, and seeks irrelevant information. Communications and agreements between Defendants and cut-and-sew factories, including Proster, to the extent such documents exist, are irrelevant to any claim or defense in this matter, and Defendants object to this Request. Defendants refer Plaintiff to documents produced bearing Bates numbers JC01792-JC01798, which contain yearly sales data, by pattern.

4.      All documents concerning communications and/or agreements between any or all of Defendants, on the one hand, and Bachmann, on the other hand, concerning Defendants' business operations (e.g., the production of fabrics, prints, garments, styles, apparel, accessories and the like, at retail or otherwise), including, but certainly not limited to:

      a.  purchase orders;

      b.  pattern samples and references;

      c.  invoices;

      d.  illustrator files, which are known to contain information concerning pattern numbers/references; and

      e.  any documents containing information concerning purchase order numbers/references, pattern numbers/references, illustrator files, shipping dates or invoice numbers/references.

**RESPONSE:** Defendants incorporate the General Objections as if set forth fully herein. Defendants further object to this Request to the extent it seeks information and documents subject to the attorney-client privilege and/or work-product doctrines. Defendants further object to this Request to the extent it is vague, ambiguous, unduly burdensome, and seeks information and documents not relevant to any claim or defense in this matter.

Without waiving these objections, in the spirit of cooperation, subject to the right to amend upon the completion of discovery, see documents produced herewith, and in particular, documents produced bearing Bates numbers JC00152-JC00180.

5.      All documents concerning communications and/or agreements between any or all of Defendants, on the one hand, and Sterling Factors, on the other hand, concerning Defendants' business operations (e.g., the production of fabrics, prints, garments, styles, apparel, accessories and the like, at retail or otherwise), including, without limitation, all invoices of Defendants that were factored by or on behalf of Sterling Factors.

**RESPONSE:** Defendants incorporate the General Objections as if set forth fully herein. Defendants further object to this Request to the extent it seeks information and documents subject to the attorney-client privilege and/or work-product doctrines. Defendants further object to this Request to the extent it is vague, ambiguous, unduly burdensome, and seeks irrelevant information. Communications and agreements between Defendants and Sterling Factors, to the extent such documents exist, are irrelevant to any claim or defense in this matter, and Defendants

object to this Request.  Defendants refer Plaintiff to documents produced bearing Bates numbers JC01792-JC01798, which contain yearly sales data, by pattern.

6.    All documents concerning communications and/or agreements between any or all of Defendants, on the one hand, and Funtex, on the other hand, concerning Defendants' business operations (e.g., the production of fabrics, prints, garments, styles, apparel, accessories and the like, at retail or otherwise), including, without limitation, all of Defendants' "close-outs" and printed fabrics purchased by Funtex.

**RESPONSE:**  Defendants incorporate the General Objections as if set forth fully herein. Defendants further object to this Request to the extent it seeks information and documents subject to the attorney-client privilege and/or work-product doctrines.  Defendants further object to this Request to the extent it is vague, ambiguous, unduly burdensome, and seeks irrelevant information.  Communications and agreements between Defendants and Funtex, to the extent such documents exist, are irrelevant to any claim or defense in this matter, and Defendants object to this Request.  Defendants refer Plaintiff to documents produced bearing Bates numbers JC01792-JC01798, which contain yearly sales data, by pattern.

7.    All documents concerning communications and/or agreements between any or all of Defendants, on the one hand, and any Freight Forwarder commissioned by Defendants, on the other hand, including, but certainly not limited to:

        a.  bills of lading;

        b.  packing lists;

        c.  commercial invoices; and

        d.  any documents containing information concerning pattern numbers/references, volume of yards of prints, total costs, total value, duty/tax, or air freight charges.

**RESPONSE:**  Defendants incorporate the General Objections as if set forth fully herein. Defendants further object to this Request to the extent it seeks information and documents subject to the attorney-client privilege and/or work-product doctrines.  Defendants further object to this Request to the extent it is vague, ambiguous, unduly burdensome, and seeks irrelevant information.  Communications and agreements between Defendants and any Freight Forwarder, to the extent such documents exist, are irrelevant to any claim or defense in this matter, and Defendants object to this Request.  Defendants refer Plaintiff to documents produced bearing Bates numbers JC01792-JC01798, which contain yearly sales data, by pattern.

8.      All documents concerning communications and/or agreements between any or all of Defendants, on the one hand, and any Trucker commissioned by Defendants, on the other hand, including, but certainly not limited to:

    a.   bills of lading;

    b.   packing lists;

    c.   commercial invoices; and

    d.   any documents containing information concerning pattern numbers/references, volume of yards of prints, total costs, total value, duty/tax, or air freight charges.

**RESPONSE:** Defendants incorporate the General Objections as if set forth fully herein. Defendants further object to this Request to the extent it seeks information and documents subject to the attorney-client privilege and/or work-product doctrines.  Defendants further object to this Request to the extent it is vague, ambiguous, unduly burdensome, and seeks irrelevant information.  Communications and agreements between Defendants and any Trucker, to the extent such documents exist, are irrelevant to any claim or defense in this matter, and Defendants object to this Request.  Defendants refer Plaintiff to documents produced bearing Bates numbers JC01792-JC01798, which contain yearly sales data, by pattern.

9.      All documents concerning communications and/or agreements between any or all of Defendants, on the one hand, and Li, on the other hand, concerning Defendants' business operations (e.g., the production of fabrics, prints, garments, styles, apparel, accessories and the like, at retail or otherwise), including, but certainly not limited to:

    a.   purchase orders;

    b.   pattern samples and references;

    c.   invoices;

    d.   illustrator files, which are known to contain information concerning pattern numbers/references; and

    e.   any documents containing information concerning purchase order numbers/references, pattern numbers/references, illustrator files, shipping dates or invoice numbers/references.

**RESPONSE:** Defendants incorporate the General Objections as if set forth fully herein. Defendants further object to this Request to the extent it seeks information and documents subject to the attorney-client privilege and/or work-product doctrines.  Defendants further object

9

to this Request to the extent it is vague, ambiguous, unduly burdensome, and seeks information and documents not relevant to any claim or defense in this matter.

Without waiving these objections, in the spirit of cooperation, subject to the right to amend upon the completion of discovery, see documents produced herewith, and in particular, documents produced bearing Bates numbers JC00181-JC01094.

10.   All documents concerning communications and/or agreements between any or all of Defendants, on the one hand, and distribution centers owned or operated and/or commissioned by Defendants, including, but not limited to the distribution center located in Kenilworth, New Jersey, on the other hand, including, but certainly not limited to:

   a.   receiving records;

   b.   month-end inventory status reports; and

   c.   any documents containing information concerning the volume of garments/styles possessed by Defendants.

**RESPONSE:** Defendants incorporate the General Objections as if set forth fully herein. Defendants further object to this Request to the extent it seeks information and documents subject to the attorney-client privilege and/or work-product doctrines.  Defendants further object to this Request to the extent it is vague, ambiguous, unduly burdensome, and seeks irrelevant information.  Communications and agreements between Defendants and any distribution centers, to the extent such documents exist, are irrelevant to any claim or defense in this matter, and Defendants object to this Request.  Defendants refer Plaintiff to documents produced bearing Bates numbers JC01792-JC01798, which contain yearly sales data, by pattern, and documents produced bearing Bates numbers JC01843, JC01845, which contain information regarding inventory.

11.   All documents concerning communications and/or agreements between any or all of Defendants, on the one hand, and Plaintiff, on the other hand, including, but certainly not limited to, purchase orders, invoices, statements, receipts, letters, emails, text messages and the like.

**RESPONSE:** Defendant incorporates the General Objections as if set forth fully herein. Defendant further objects to this Request to the extent it seeks information and documents subject to the attorney-client privilege and/or work-product doctrines.  Defendant further objects to this Request to the extent it is vague, ambiguous, unduly burdensome, and seeks information and documents not relevant to any claim or defense in this matter.

Without waiving these objections, in the spirit of cooperation, subject to the right to amend upon the completion of discovery, see documents produced herewith, and in particular, documents previously produced bearing Bates numbers JC00018-JC00151, which contain "mini" profit and loss statements relating to each of the patterns identified in the Complaint, together with supporting documentation including invoices and sales information.

Defendants conducted a search of archived email across all custodians for documents associated with or referencing Plaintiff, Nicholas Solazzo, or Simply Swim LLC. Defendants did not begin archiving email until March 2014, and because Plaintiff's dealings with Defendants largely preceded March 2014, Defendants' search of archived email did not turn up documents responsive to this request for the date range March 27, 2014 (the earliest date for which archived email communications are available) through April 27, 2016 (the date on which Plaintiff filed its Complaint in this action). Defendants' search of email from outside of the archive identified some documents responsive to this request, which are produced herewith bearing Bates numbers JC01799-JC01812.

12.     All documents concerning any or all of Defendants' monthly and/or annual sales

and/or shipments of fabrics, prints, garments, styles, accessories, apparel and the like.

**RESPONSE:** Defendant incorporates the General Objections as if set forth fully herein. Defendant further objects to this Request to the extent it seeks information and documents subject to the attorney-client privilege and/or work-product doctrines.  Defendant further objects to this Request to the extent it is vague, ambiguous, unduly burdensome, and seeks information and documents not relevant to any claim or defense in this matter.

Without waiving these objections, in the spirit of cooperation, subject to the right to amend upon the completion of discovery, see documents produced herewith, and in particular, documents produced bearing Bates numbers JC01792-JC01798.

13.     All documents concerning the allegations and/or claims asserted in the Complaint.

**RESPONSE:** Defendant incorporates the General Objections as if set forth fully herein. Defendant further objects to this Request to the extent it seeks information and documents subject to the attorney-client privilege and/or work-product doctrines.  Defendant further objects to this Request to the extent it is vague, ambiguous, unduly burdensome, and seeks information and documents not relevant to any claim or defense in this matter.

Without waiving these objections, in the spirit of cooperation, subject to the right to amend upon the completion of discovery, see JC00018-JC01859.

14.     All documents concerning affirmative defenses and/or counterclaims any or all of Defendants have asserted in their Answer and/or contemplate they may assert in the future in response to the Complaint.

**RESPONSE:** Defendant incorporates the General Objections as if set forth fully herein. Defendant further objects to this Request to the extent it seeks information and documents subject to the attorney-client privilege and/or work-product doctrines.  Defendant further objects to this Request to the extent it is vague, ambiguous, unduly burdensome, and seeks information and documents not relevant to any claim or defense in this matter.

Without waiving these objections, in the spirit of cooperation, subject to the right to amend upon the completion of discovery, see documents produced herewith, and in particular, documents produced bearing Bates numbers JC01813-JC01859.

15.     All documents Defendants intend to offer into evidence at the trial of this Action.

**RESPONSE:** Defendant incorporates the General Objections as if set forth fully herein. Defendant further objects to this Request to the extent it seeks information and documents subject to the attorney-client privilege and/or work-product doctrines.  Defendant further objects to this Request to the extent it is vague, ambiguous, unduly burdensome, and seeks information and documents not relevant to any claim or defense in this matter.

Defendants will identify documents as potential exhibits at trial at the time and in the manner specified by the Federal Rules of Civil Procedure and any order of the Court. Without waiving these objections, in the spirit of cooperation, subject to the right to amend upon the completion of discovery, see JC00018-JC01859.

WALSH PIZZI O'REILLY FALANGA LLP

Dated: November 9, 2018

By: _____

Marc D. Haefner
Peter J. Pizzi
Katherine M. Romano
Colleen M. Maker
One Riverfront Plaza
1037 Raymond Boulevard, Suite 600
Newark, New Jersey 07102
(973) 757-1100

12

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2018, true and correct copies of the foregoing Defendants' Responses and Objections to Plaintiff's First Request for Production of Documents were served by electronic mail upon the following attorney of record for Plaintiff:

Gregory J. Skiff
Cermele & Wood LLP
2 Westchester Park Drive Suite 110
White Plains, NY 10604
gjs@skifflaw.com

_____
Marc D. Haefner

Dated: November 9, 2018

# EXHIBIT C

Gregory J. Skiff
**SKIFF LAW FIRM LLC**
28 Marlin Drive
Whippany, New Jersey 07981
(Tel) 201.787.8701
gjs@skifflaw.com

*Attorneys for Plaintiff Marimar Textiles, Inc.*

<div align="center">

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| **MARIMAR TEXTILES, INC.,** | **Case No. 17-cv-02900-JLL-JAD** |
| **Plaintiff,** | |
| v. | **PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES** |
| **JUDE CLOTHING & ACCESSORIES CORPORATION, JUDE CONNALLY E-COMMERCE CORP., JUDE CONNALLY SARASOTA LIMITED LIABILITY COMPANY, JUDE CONNALLY WESTFIELD LIMITED LIABILITY COMPANY and JUDE CONNALLY, an individual,** | |
| **Defendants.** | |

**TO:**   Mar D. Haefner, Esq.
Katherine M. Romano, Esq.
**WALSH PIZZI O'REILLY FALANGA LLP**
One Riverfront Plaza
1037 Raymond Boulevard, Suite 600
Newark, New Jersey 07102
MHaefner@walsh.law
KRomano@walsh.law

Plaintiff Marimar Textiles, Inc. ("**Plaintiff**") hereby submits pursuant to the Federal Rules

of Civil Procedure the following answers and objections to the First Set of Interrogatories (the

"**Interrogatories**") of defendants Jude Clothing & Accessories Corporation, Jude Connally E-

Commerce Corp., Jude Connally Sarasota Limited Liability Company, Jude Connally Westfield

Limited Liability Company and Jude Connally (collectively, "**Defendants**").

<div style="margin-left:50%">

**SKIFF LAW FIRM LLC**
*Attorneys for Plaintiff*
*Marimar Textiles, Inc.*

By: _____
    Gregory J. Skiff

</div>

Dated:  December 5, 2018

## **GENERAL OBJECTIONS**

Plaintiff makes the following general objections and reservations, applicable to its responses to each numbered item of the Interrogatories, and to any production of documents pursuant to such Interrogatories.

1.     Plaintiff objects to the Interrogatories to the extent they purport to require the disclosure of information beyond the scope of discovery permissible under applicable law. Plaintiff reserves all objections to relevance and materiality.  Plaintiff's answers, and any identification or production of documents indicated in those answers, shall neither waive nor prejudice any objections asserted by Plaintiff including, without limitation, objections as to the admissibility of any document or category of documents at trial.

2.     Plaintiff objects to the Interrogatories to the extent they are overly broad, vague, unduly burdensome, harassing and/or seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

3.     Plaintiff objects to the Interrogatories to the extent they purport to require the production of documents, if any, prepared in anticipation of litigation, subject to a claim of attorney-client or other privilege, or protected from discovery under the work-product doctrine or any other applicable privilege.  To the extent that Plaintiff inadvertently discloses information arguably protected from discovery under the attorney-client privilege, the work-product doctrine or any other applicable privilege, such inadvertent disclosure is not a waiver of any such privilege.

4.     Plaintiff objects to the Interrogatories to the extent they seek information not relevant to the allegations in the pleadings or the time frame in the pleadings.

5.     Plaintiff objects to the Interrogatories to the extent they call for production of documents in the possession, custody or control of Defendants and/or their counsel, and therefore

are unduly burdensome and harassing, and compliance therewith would be unnecessarily disruptive and expensive.

6.    Plaintiff objects to the Interrogatories to the extent they call for the production of documents in the possession, custody or control of people or entities other than Plaintiff on the grounds that such production is beyond the scope of applicable law, and would be unduly burdensome and expensive.

7.    These general objections are applicable to each and every one of the following responses, and failure to repeat an objection in response to a specific interrogatory shall not be deemed a waiver of the objection.  When Plaintiff specifically repeats one or more of these general objections in response to a specific interrogatory, such specific response shall not be considered a waiver of these general objections.

8.    These general objections and responses are made subject to, and without waiving or intending to waive, but on the contrary intending to reserve and reserving, all of Plaintiff's rights under the Federal Rules of Civil Procedure, including Plaintiff's right to object to any other discovery procedures involving or related to the subject matters of the Interrogatories.

9.    The answers set forth below are made without in any manner waiving the right to revise, correct, supplement or clarify any responses.  Plaintiff specifically reserves the right to supplement its responses in accordance with the Federal Rules of Civil Procedure.

10.    Plaintiff has not completed its investigation of all the facts of this case or discovery in or analysis of this matter, and have not completed preparation of Plaintiff's right to introduce at trial any evidence that is subsequently discovered relating to proof of presently known facts and to produce and introduce all evidence whenever discovered relating to the proof of subsequently discovered material facts.  Moreover, facts, documents and things now known may be imperfectly

understood and, accordingly, such facts, documents and things may not be included in the following answers. Plaintiff reserves the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial any and all facts, documents and things notwithstanding the initial answers and objections interposed in these responses.

## ANSWERS TO INTERROGATORIES

**Interrogatory No. 1:** Identify each and every person having knowledge of any facts relevant to the subject matter of this action and describe in detail the extent and nature of their knowledge.

**Response to Interrogatory No. 1:** Subject to the aforementioned General Objections, Plaintiff responds as follows:

1. **All Defendants**
   320 S. Michigan Avenue
   Kenilworth, New Jersey 07033

   Information: knowledge of the entirety of the dispute giving rise to Plaintiff's claims, including, without limitation, Defendants' misappropriation of Plaintiff's trade secrets and/or confidential information, development of the "Jude Connally" brand, and the quantity/volume of prints manufactured and garments, styles, pieces, apparel, accessories, and the like sold, the amount paid by consumers for such pieces, and the profits earned by Defendants as a result of said sales.

2. **B & B Trucking & Storage Co., Inc.**
   79 South Street
   Passaic, New Jersey 07055
   (Tel) 973.473.8369

   Information: knowledge of, among other things, the volume of prints transported from any airport to any cut-and-sew factory, including, without limitation, Proster Fashion Inc.

3. **Excel International of NY Corp.**
   700 Rockaway Tpke, #401
   Lawrence, New York 11559
   (Tel) 718.244.0001

   Information: knowledge of, among other things, the volume of prints transported from China to the United States

4. **Funtex NY**

252 W. 38th Street
New York, New York 10018
(Tel) 646.340.3300

Information:  knowledge of, among other things, Defendants' use of the Marimar
Patterns to create printed fabrics bearing same

5. **Janny Ting**
Guangdong Derun Textile Co., Ltd.
8&10 HaFa Road, Ronggui HT
Industrial Develoment Zone
Shunde District, Foshan City, Guangdong, China
(Tel) +86 757.28380988
        +86 757.28380982
derun@deruntex.com

Position:  Export Manager
Information:  knowledge of Defendants' misappropriation of Plaintiff's trade secrets
and/or confidential information, including, without limitation, the prints bought by
Defendants bearing the Marimar Patterns and records (invoices and packing slips) of
all shipments

6. **John La Lota**
Sterling Factors Corporation
500 Fashion Avenue, #10A
New York, New York 10018
(Tel) 212.575.4415

Position:  President
Information:  knowledge of, among other things, Defendants' invoices factored by
Sterling Factors Corporation

7. **Nicholas Solazzo**
Marimar Textiles Inc.
1933 State Highway 35
Wall, New Jersey 07719

Information:  full knowledge of dispute, including, but not limited to, the origina of
the Marimar Patterns (as defined in the First Amended Complaint), Defendants'
business operations, and Defendants' misappropriation of Plaintiff's trade secrets
and/or confidential information

8. **Proster Fashion Inc.**
265 W. 37th Street
New York, New York 10018
(Tel) 212.730.8348

Information:  knowledge of, among other things, the volume of prints purchased by Defendants from Derun Printers and the volume of garments, styles, accessories, apparel and the like produced at the request of Defendants

9. **Ron Lee**
   Marimar Textiles Inc.
   1933 State Highway 35
   Wall, New Jersey 07719

   Position:  Agent
   Information:  knowledge of Defendants' misappropriation of Plaintiff's trade secrets and/or confidential information, including, without limitation, the prints bought by Defendants bearing the Marimar Patterns and records (invoices and packing slips) of all shipments

10. **Ruth Bachmann**
    85 Armour Road
    Mahwah, New Jersey 07430
    (Cell) 201.913.8421
    ruthlbachmann@gmail.com

    Information:  knowledge of, among other things, Defendants' misappropriation of Plaintiff's trade secrets and/or confidential information, including, without limitation, the prints bought by Defendants from Derun Printers bearing the Marimar Patterns

11. **Ying Li**
    Perennial Art Studios
    98-07 67th Avenue
    Rego Park, New York 11374
    (Cell) 917.238.0583
    ying@perennialarts.com

    Position:  Owner/Artist
    Information:  knowledge of, among other things, the origin of the Marimar Patterns, illustrator files and development of business relationship with Derun

12. **Dan Karo**
    Hillsdale
    11891 US Highway 1, Suite 204
    North Palm Beach, Florida 33408
    (Cell) 646.872.4223

    Position:  National Sales Manager
    Information:  knowledge of, among other things, the origin of the Marimar Patterns, illustrator files and development of business relationship with Derun

13. **Aubrey Beardsley**
   148 2nd Avenue, Apt. 2B
   New York, New York 10003
   (Cell) 646.263.1984

   Position:  Print Stylist
   Information:  knowledge of, among other things, Defendants' misappropriation of Plaintiff's trade secrets and/or confidential information, including, without limitation, the prints bought by Defendants from Derun Printers bearing the Marimar Patterns

14. **Bob Bresenhan**
   516 W. Inman Avenue
   Rahway, New Jersey 07065
   (Cell) 908.327.4036

   Position:  Co-Owner of Defendants
   Information:  knowledge of, among other things, Defendants' misappropriation of Plaintiff's trade secrets and/or confidential information, including, without limitation, the prints bought by Defendants from Derun Printers bearing the Marimar Patterns

**Interrogatory No. 2:**  Identify each and every person Plaintiff intends to rely upon at trial as a witness and set forth the substance of the facts and opinions to which each witness is expected to testify.

**Response to Interrogatory No. 2:**  Plaintiff objects to Interrogatory Number 2, as it seeks information protected by the attorney-client privilege and/or work product doctrine.  Subject to the foregoing Specific and General Objections, Plaintiff will produce a witness list at the appropriate time and in accordance with the Rules and, thus, reserves its right to supplement its answer hereto.

**Interrogatory No. 3:**  Provide a list of all documents, data collections, and tangible things in your possession, custody or control that are relevant to the allegations in the Complaint.

**Response to Interrogatory No. 3:**  Plaintiff objects to Interrogatory Number 3, as it seeks information protected by the attorney-client privilege and/or work product doctrine.  Subject to the foregoing Specific and General Objections, Plaintiff refers Defendants to all documents produced in connection with its response to Defendants' First Set of Requests for the Production of Documents and Things to Plaintiff.

**Interrogatory No. 4:**  Identify any documents which constitute, comprise, relate to, or reflect any admissions or declarations against interest made by any person having knowledge relevant to the subject matter of this litigation, and with respect to each, provide (a) whether said admission is written or oral; (b) the date, time, and place the admission was made; (c) by whom and to whom made; (d) in detail what was said or written; and (e) the name and address of all persons present.

**Response to Interrogatory No. 4:**  Plaintiff objects to Interrogatory Number 4, as it seeks information protected by the attorney-client privilege and/or work product doctrine.  Subject to the foregoing Specific and General Objections, Plaintiff refers Defendants to all email communications of Defendants to Plaintiff and/or any nonparties with respect to their misappropriation of Plaintiff's trade secrets and infringing products.  Notwithstanding Plaintiff's right, generally, to supplement its answer to these Interrogatories, Plaintiff reserves its right to supplement its answer hereto.

**Interrogatory No. 5:**  If you have obtained any statements relating to this action from any person, separately, for each such statement, state (a) the name and address of the person who gave the statement and the date upon which the statement was obtained; (b) if oral, the name and address of the person who obtained the statement and if recorded, the nature and present location of the recording; (c) if oral, set forth completely the substance of each such statement; (d) if written, whether the statement was signed by the person giving the statement; (e) if written, attach a copy of each such written statement to your answers to these Interrogatories; and (f) if otherwise recorded, please provide notice of the recording and we will arrange for duplication and/or transcription.

**Response to Interrogatory No. 5:**  Plaintiff objects to Interrogatory Number 5, as it seeks information protected by the attorney-client privilege and/or work product doctrine.  Subject to the foregoing Specific and General Objections, Plaintiff states that there are none. Notwithstanding Plaintiff's right, generally, to supplement its answer to these Interrogatories, Plaintiff reserves its right to supplement its answer hereto.

**Interrogatory No. 6:**  If you have obtained any audio recordings, in any form, relating to this action from any person, separately, for each such recording, provide (a) the name, title, and address of the person recorded, and the date upon which the person was recorded; (b) set forth completely the substance of each such recording; and (c) please provide notice of the recording and we will arrange for duplication and/or transcription.

**Response to Interrogatory No. 6:**  Plaintiff objects to Interrogatory Number 6, as it seeks information protected by the attorney-client privilege and/or work product doctrine.  Subject to the foregoing Specific and General Objections, Plaintiff states that there are none in Plaintiff's possession.  Notwithstanding Plaintiff's right, generally, to supplement its answer to these Interrogatories, Plaintiff reserves its right to supplement its answer hereto.

**Interrogatory No. 7:**  Set forth in detail each and every item that you claim to be a trade secret of Plaintiff relevant to this action.

**Response to Interrogatory No. 7:**  Plaintiff objects to Interrogatory Number 7, as it seeks information protected by the attorney-client privilege and/or work product doctrine.  Subject to the foregoing Specific and General Objections, Plaintiff states, among others:

1.  Plaintiff's illustrator files containing identification/pattern numbers to each design and depiction of same;

2.  Plaintiff's identification/pattern numbers to each design and depiction of same;

3.  Plaintiff's silk screens of Plaintiff's patterns/designs; and/or

4.  Plaintiff's identification of and development of a business relationship with Derun with respect to Plaintiff's patterns/designs.

**Interrogatory No. 8:**  Set forth in detail each and every fact which you claim evidences that the trade secrets identified in the preceding Interrogatory "are not generally known and not readily ascertainable by proper means from any publicly-available sources," as alleged in paragraph 17 of the Complaint.

**Response to Interrogatory No. 8:**  Plaintiff objects to Interrogatory Number 8, as it seeks information protected by the attorney-client privilege and/or work product doctrine.  Subject to the foregoing Specific and General Objections, Plaintiff states, among other things:

a.  The majority of Plaintiff's original patterns/designs were purchased from an art studio, generally, in Europe (Paris, France, Lake Como, Italy, Lyon, France, and London, England).  The balance of Plaintiff's patterns/designs were created by artists employed and/or contracted by Plaintiff, consisting of roughly six to seven individuals stationed in Los Angeles and three in-house and one outside freelancer stationed in New York.

    b.   Prior to its business relationship with Derun, Plaintiff printed its patterns at two plants in New Jersey and one in Los Angeles, Lake Cuomo, Italy and Mataro, Spain.  Derun was identified through a discovery team formed by Plaintiff, including Dan Karo and Ying Li, who toured the different print plans in China to identify factories that could competently print to the quality standards acceptable to the retail industry in the United States.  Dan Karo and Nicholas Solazzo met at Derun's facility in GuangDong, China with Derun's owner and export manager, Janny Ting, to solidify the relationship, by, among other things, touring the testing lab, obtaining the price list, and discussing quantities, delivery dates, and minimum printings.  Plaintiff supplied Derun with the Identification/Pattern numbers associated with the various depictions of said patterns so that Derun could create the Silk Screens corresponding to Marimar's Identification/Pattern Numbers.

**Interrogatory No. 9:**  Set forth in detail each and every fact which you claim evidences that Plaintiff "makes reasonable and diligent efforts to protect and keep secret" the trade secrets identified in the preceding Interrogatory, as alleged in paragraph 18 of the Complaint.

**Response to Interrogatory No. 9:**  Plaintiff objects to Interrogatory Number 9, as it seeks

information protected by the attorney-client privilege and/or work product doctrine.  Subject to

the foregoing Specific and General Objections, Plaintiff states, among other things:

    a.   Plaintiff's identification/pattern numbers were kept confidential on Plaintiff's computer hard drives and compact discs (which were later saved to backup hard drives), they were not disseminated within the company, except on a need-to-know basis to those high-level employees/contractors who needed access to perform their discrete job functions, including, Ying Li, Dan Karo and Ruth Bachmann.  The computers were password protected and were not otherwise accessible by anyone without Plaintiff's prior knowledge, authorization, and approval.  Plaintiff's employees who were granted access were instructed to maintain their confidentiality and to otherwise conceal them from the public.  Derun was restricted from disseminating and/or otherwise printing the patterns to anyone other than Marimar as a condition of doing business with Marimar.

**Interrogatory No. 10:**  Set forth in detail each and every fact which you claim evidences that Ruth Bachmann "misappropriated the Marimar Trade Secrets," as alleged in paragraph 20 of the Complaint.

**Response to Interrogatory No. 10:**  Plaintiff objects to Interrogatory Number 10, as it seeks

information protected by the attorney-client privilege and/or work product doctrine.  Subject to

the foregoing Specific and General Objections, Plaintiff states, among other things:

    a.   Ruth Bachmann stole from Plaintiff's hard drive backups Plaintiff's illustrator files containing identification/pattern numbers and depictions of same, transferred them on to

11

her personal computer and gave them to Defendants so Defendants could order printed fabrics directly from Derun and without compensation to Plaintiff.

**Interrogatory No. 11:**  Identify any agreements (oral, written or otherwise) between (1) Ruth Bachmann and (2) Plaintiff, Nicholas Solazzo, Simply Swim LLC, or any other person or entity controlled by Nicholas Solazzo, including, but not limited to, contracts, employment agreements, separation agreements, and any agreements relating to this or other litigation.

**Response to Interrogatory No. 11:**  Subject to the foregoing Specific and General Objections,

Plaintiff refers Defendants to all documents produced in connection with its response to

Defendants' First Set of Requests for the Production of Documents and Things to Plaintiff,

including, without limitation, Plaintiff's and/or Simply Swim LLC's Operating Agreement, as

may have been amended from time to time, Ruth Bachmann's resignation letter, and the Release

negotiated between Marimar and Ruth Bachmann.

**Interrogatory No. 12:**  Identify any agreements (oral, written or otherwise) between (1) Ying Li or Perennial Art Studios, and (2) Plaintiff, Nicholas Solazzo, Simply Swim LLC, or any other person or entity controlled by Nicholas Solazzo, including, but not limited to, contracts for the production of patterns or artwork, employment agreements, separation agreements, and any agreements relating to this or other litigation.

**Response to Interrogatory No. 12:**  Subject to the foregoing Specific and General Objections,

Plaintiff states that there are none in Plaintiff's possession.   Notwithstanding Plaintiff's right,

generally, to supplement its answer to these Interrogatories, Plaintiff reserves its right to

supplement its answer hereto.

**Interrogatory No. 13:**  Identify any agreements (oral, written or otherwise) between (1) Janny Ting, Ron Lee, or Guangdong Derun Textile Co., Ltd., and (2) Plaintiff, Nicholas Solazzo, Simply Swim LLC, or any other person or entity controlled by Nicholas Solazzo, including, but not limited to, contracts for the sale or production of fabric, agreements with respect to the sale or production of fabric, and any agreements relating to this or other litigation.

**Response to Interrogatory No. 13:**  Subject to the foregoing Specific and General Objections,

Plaintiff states that there are none in Plaintiff's possession.   Notwithstanding Plaintiff's right,

generally, to supplement its answer to these Interrogatories, Plaintiff reserves its right to

supplement its answer hereto.

**Interrogatory No. 14:**  Set forth in detail each and every fact which you claim evidences that
"[i]n or around January 2014, Marimar discovered that the JC Companies were selling dresses
bearing duplicates of the Marimar Patterns," as alleged in paragraph 27 of the Complaint.

**Response to Interrogatory No. 14:**  Subject to the foregoing Specific and General Objections,

Plaintiff refers Defendants to all documents produced in connection with its response to

Defendants' First Set of Requests for the Production of Documents and Things to Plaintiff,

including, without limitation, screen shots of Defendant's website and social media accounts.

**Interrogatory No. 15:**  Set forth in detail each and every fact which you claim evidences that
"many of [Defendants'] Infringements and copies of the Other Marimar Patterns have colorways
and/or repeats that were never produced and sold by Marimar to the JC Companies in 2010-
2012," as alleged in paragraph 30 of the Complaint.

**Response to Interrogatory No. 15:**  Subject to the foregoing Specific and General Objections,

Plaintiff refers Defendants to all documents produced in connection with its response to

Defendants' First Set of Requests for the Production of Documents and Things to Plaintiff,

including, without limitation, screen shots of Defendant's website and social media accounts,

and illustrator files of adjusted prints.

**Interrogatory No. 16:**  Itemize each item of damage you claim to have suffered in connection
with this matter and, with respect to each, provide the following information: (a) the amount to
which you claim entitlement as a result of each item of damage; and (b) the basis by which you
calculated same.

**Response to Interrogatory No. 16:**  Plaintiff objects to Interrogatory Number 16, as it seeks

information protected by the attorney-client privilege and/or work product doctrine.  Subject to

the foregoing Specific and General Objections, Plaintiff states, among other things:

     a. Lost profits and use;
     b. Defendants' gains;
     c. Royalty damages;
     d. Actual damages;

      e.  Consequential damages;
      f.  Punitive damages;
      g.  Statutory damages;
      h.  Applicable interest; and
      i.  Attorneys' fees and costs.

The corresponding amounts with respect to each of the above categories will be determined

following discovery of all of Defendants' financial records and any other relevant facts or data,

and expert analysis of same.

**Interrogatory No. 17:**  State whether you have ever been a party to any lawsuit, court proceeding, or administrative proceeding (collectively, "lawsuit") at any time during the past five years to the present other than the present matter.

**Response to Interrogatory No. 17:**  Plaintiff objects to Interrogatory Number 17 on the grounds

that it is vague, overly broad, unduly burdensome, harassing and vexatious, and not reasonably

calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 18:**  Identify all person(s) who answered or supplied information for the preparation of answers to each of these interrogatories and for each person so identified, set forth the specific interrogatories that person answered or supplied information.

**Response to Interrogatory No. 18:**  Subject to the foregoing General Objections, Plaintiff states

as follows:  Nicholas Solazzo.

## VERIFICATION

I, Nicholas Solazzo, am the Owner of Plaintiff.  I am the agent of Plaintiff for the purpose of answering Defendants's First Set of Interrogatories.  I have read the foregoing interrogatories and the answers to those interrogatories, which are true according to the best of my knowledge, information, and belief.

*I declare under penalty of perjury that the foregoing is true and correct.*

_____

NICHOLAS SOLAZZO

Dated:  December 5, 2018

15

## <u>CERTIFICATE OF SERVICE</u>

I, GREGORY J. SKIFF, hereby certify that on December 5, 2018, I caused to be served a

copy of **Plaintiffs' Answers and Objections to Defendants' First Set of Interrogatories** by

electronic mail to each of the following persons at the last known address set forth after each name:

> Mar D. Haefner, Esq.
> Katherine M. Romano, Esq.
> **Walsh Pizzi O'Reilly Falanga LLP**
> One Riverfront Plaza
> 1037 Raymond Boulevard, Suite 600
> Newark, New Jersey 07102
> MHaefner@walsh.law
> KRomano@walsh.law

*I certify under penalty of perjury that the foregoing is true and correct.*


_____
GREGORY J. SKIFF

Dated:  December 5, 2018

# EXHIBIT D



THREE GATEWAY CENTER
100 Mulberry Street, 15th Floor
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Marc D. Haefner
Direct Dial: (973) 757-1013
mhaefner@walsh.law

July 15, 2019

<u>**VIA ECF**</u>
Honorable Joseph A. Dickson, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

  Re: **Marimar Textiles, Inc. v. Jude Clothing & Accessories Corporation, et al.**
     **Case No.: 2:17-cv-02900 (ES)(JAD)**

Dear Judge Dickson:

  This firm represents Defendants Jude Clothing & Accessories Corporation, Jude Connally E-Commerce Corp., Jude Connally Sarasota Limited Liability Company, Jude Connally Westfield Limited Liability Company, and Jude Connally Zimmerman (collectively "Defendants") in the above-referenced matter. Pursuant to this Court's scheduling order and L. Civ. R. 16.1(f)(1), Defendants write to notify the Court of a dispute regarding outstanding written discovery.

  The parties appeared before Your Honor for a settlement conference on May 29, 2019 and thereafter a Revised Pretrial Scheduling Order was entered by the Court on June 14, 2019 (ECF No. 42).  The scheduling order provides that fact discovery is to remain open through July 31, 2019 for the purpose of taking party depositions, and also provides that "[p]arties shall remedy all issues associated with outstanding written discovery in advance of party depositions." To that end, Defendants wrote to Plaintiff on June 18, 2019, following up on deficiencies in discovery that had been raised by Defendants in December 2018 and promised by Plaintiff in January 2019 (see attached Ex. A).  The parties corresponded by email in good faith and Plaintiff, through counsel, indicated it would remedy deficiencies by July 12, 2019. Plaintiff has failed to do so.

  The deficiencies in discovery are preventing Defendants from adequately preparing for party depositions.  Specifically, Plaintiff has not provided: (1) dates which Defendants may inspect a hard drive and Mac computer containing the alleged patterns at issue; (2) bates numbering for all documents produced; (3) copyright registrations, any registration-related documents, and Simply Swim's Operating Agreement; and (4) a privilege log.  This is a copyright infringement

Hon. Joseph A. Dickson, U.S.M.J.
July 15, 2019
Page 2

case, and Defendants cannot adequately prepare a defense without the copyright registrations and documents associated with registrations, nor can Defendants adequately prepare for depositions with documents that have no Bates/control numbers affixed to the documents.

Last week, Plaintiff's counsel indicated by email that Plaintiff intended to send a deficiency letter with respect to *Defendants'* production, by July 12, 2019.  Defendants produced documents on November 9, 2018, and since that time Plaintiff has failed to identify any deficiencies in Defendants' production.  Defendants object to Plaintiff's belated attempt, seven months after Defendants' document production and two weeks prior to the anticipated discovery end date, to raise these new issues.  Defendants' position is that Plaintiff waived any objection to Defendants' production by its failure to timely raise the issues.  In any event, Plaintiff has yet to send a deficiency letter as promised.

Defendants have incurred, and continue to incur, monthly data storage costs relating to the document production in this case.  Any further delays in bringing discovery to a close unnecessarily increases costs for Defendants.

Defendants have made a good faith attempt to resolve the outstanding discovery disputes, but, due to Plaintiff's delay and failure to respond to discovery deficiencies, attempts at resolution have been unsuccessful.  Therefore, Defendants respectfully request that this Court issue an order:  (1) compelling Plaintiff to remedy the deficiencies outlined in Defendants' December 22, 2018 letter by July 19, 2019, and (2) extending the fact discovery end date to August 15, 2019 for the <u>sole purpose</u> of the depositions of Nicholas Solazzo and Jude Connally Zimmerman and/or the 30(b)6 depositions of the parties.

As always, we thank the Court for its attention to this matter and remain available should Your Honor or Your Honor's staff have any questions or require anything further.

Respectfully submitted,

Marc D. Haefner

Enclosure
cc:      All Counsel of Record (*via email*)

# EXHIBITS OMITTED



**WALSH**
PIZZI
O'REILLY
FALANGA

THREE GATEWAY CENTER
100 Mulberry Street, 15th Floor
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Marc D. Haefner
Direct Dial: (973) 757-1013
mhaefner@walsh.law

September 19, 2019

<u>**VIA ECF AND FAX**</u>
Honorable Joseph A. Dickson, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

     Re:    **Marimar Textiles, Inc. v. Jude Clothing & Accessories Corporation, et al.**
            **Case No.: 2:17-cv-02900 (ES)(JAD)**

Dear Judge Dickson:

     This firm represents Defendants Jude Clothing & Accessories Corporation, Jude Connally E-Commerce Corp., Jude Connally Sarasota Limited Liability Company, Jude Connally Westfield Limited Liability Company, and Jude Connally Zimmerman (collectively "Defendants") in the above-referenced matter. Defendants write in response to Plaintiff's September 12, 2019 letter to Your Honor.

     Defendants object to any attempt by Plaintiff to re-open document discovery at this late stage in the litigation and respectfully submit that the Court should issue a protective order pursuant to Rule 26(c)(1) to protect Defendants from "annoyance, embarrassment, oppression, or undue burden or expense" in connection with Plaintiff's belated additional discovery requests.

     Plaintiff's delay of over eight months in identifying alleged deficiencies in Defendants' document production is inexcusable. As Defendants explained at the parties' recent in-person status conference on September 6, 2019, Defendants fully responded to Plaintiff's document requests on November 9, 2018. Following Defendants' production, the parties appeared before the Court for telephone conferences on November 13, 2018, January 24, 2019, and April 8, 2019, and for an in-person settlement conference on May 29, 2019. At no time did Plaintiff's counsel identify any deficiencies in Defendants' production.

     Plaintiff first indicated that it intended to raise issues with Defendants' document production on July 19, 2019, nearly eight months after Defendants' production and just days before the then-end date for fact discovery of July 31, 2019. Even then, Plaintiff's claims of deficiencies in Defendants' production arose only in response to Defendants' effort to resolve deficiencies in *Plaintiff's* production—which Defendants had timely raised via letter dated December 22, 2018

Hon. Joseph A. Dickson, U.S.M.J.
September 19, 2019
Page 2

and which had been promised by Plaintiff in a responsive letter dated January 10, 2019—and, even then, Plaintiff failed in July 2019 to articulate its claimed deficiencies and failed to invoke this Court's procedures for the resolution of discovery disputes.  It was only after *Defendants* reached out to Plaintiff again in mid-August to confirm Plaintiff's appearance at upcoming depositions that Plaintiff first specified alleged deficiencies, despite the fast-approaching new discovery end date of August 30, 2019, which the Court had provided to permit Plaintiff additional time to resolve outstanding issues. Plaintiff failed to invoke this Court's procedures for the resolution of discovery disputes until August 22, 2019, just 8 days before the new fact discovery end date of August 30, 2019.

Plaintiff's letter to the Court of September 12, 2019 presents zero justification for Plaintiff's failure to timely raise these issues and bring them to the attention of the Court.  There is no reason why Plaintiff could not have addressed these issues sooner, and the Court should reject as untimely Plaintiff's belated attempt to seek additional documents. *See NE Techs., Inc. v. Evolving Sys.*, Civ. No. 06-6061, 2008 U.S. Dist. LEXIS 85351, *11-12 (D.N.J. Sept. 12, 2008) (denying motion to compel raised sixteen days before the close of fact discovery as untimely raised, because "Plaintiff knew of the deadline in the scheduling order; Plaintiff knew of the procedure regarding discovery requests," and plaintiff should have known what documents it needed "at an earlier date in the litigation"); *see also Tormasi v. Hayman*, Civ. No. 08-4950, 2010 U.S. Dist. LEXIS 138196, *6-7 (D.N.J. Dec. 30, 2010) (rejecting plaintiff's request to issue subpoenas when plaintiff had more than two years to engage in fact discovery, but failed to make its request until 12 business days before the fact discovery end date).

Jude Connally is a small business, and Defendants have been prejudiced by Plaintiff's pattern of delay in this matter. Defendants are incurring, and continue to incur, monthly data storage costs that have extended for month after month due to Plaintiff's repeated requests for extensions and failure to prosecute its own case.  Because Plaintiff has failed to show any good cause why these issues could not have been raised in a timely fashion, because Defendants have already produced all relevant and responsive documents, and because any remaining factual questions can be explored via deposition testimony, Defendants respectfully submit that the Court should reject Plaintiff's belated claims of deficiency and issue a protective order.  *See, e.g., Love v. City of S. Bend*, No. 3:15-cv-214, 2016 U.S. Dist. LEXIS 87900, *20-21 (N.D. Ind. July 7, 2016) (court rejected plaintiff's belated effort to compel responses where plaintiff "knew about [defendant's] discovery deficiencies for about eight months" before raising the issue with the court); *Lemon v. Harlem Globetrotters Int'l Inc.*, No. CV 04-299, 2006 U.S. Dist. LEXIS 88721, *6 (D. Ariz., Dec. 6, 2006) (court rejected plaintiff's attempt to belatedly assert discovery disputes "having failed to raise these issues in a timely manner").[1]

The Court should reject Plaintiff's attempt to compel the production of additional documents not only because it is untimely, but also because Plaintiff's belated requests are overly

---

[1] Plaintiff has also failed to follow through on its own discovery obligations.  Plaintiff failed to respond to Defendants' August 5, 2019 request for a date for inspection of Plaintiff's illustrator files, and Plaintiff has failed to produce a privilege log despite having promised to produce one by August 1, 2019.

Hon. Joseph A. Dickson, U.S.M.J.
September 19, 2019
Page 3

broad, unduly burdensome, and seek production of irrelevant documents.  Defendants address the
categories of materials sought by Plaintiff in turn.

1. **Plaintiff's Request for Copies of Illustrator Files for All Patterns Since 2012 is Overly
   Broad, Unduly Burdensome, and Unnecessary for Purposes of Assessing Liability.**

   First, Plaintiff's letter requests production of copies of all the illustrator files in .psd format
or otherwise for all patterns used by Defendants in connection with their business operations since
2012.

   As an initial matter, Defendants note that much of this information was produced on
November 9, 2018, when Defendants produced 1,859 responsive documents including all available
email correspondence between Jude Connally employees and Derun, and between Jude Connally
employees and non-party CAD designer Ying Li, during the relevant time period.  Much of that
email correspondence references patterns used by Defendants in connection with their business
operations since 2012 and includes illustrator files and visual depictions of patterns by season.

   Plaintiff now requests, over eight months later, that Defendants go beyond what was
already produced to search the Companies' records for illustrator files of every single pattern
utilized by the Jude Connally companies "in connection with their business operations" for the
past nine years.  This request is overly broad and unduly burdensome, and Plaintiff's letter of
September 12, 2019 confirms that Plaintiff's only goal in making this request is to conduct a
fishing expedition for further examples of infringement or misappropriation beyond what Plaintiff
identified in its First Amended Complaint.  This Court should reject Plaintiff's effort to engage an
expensive, time-consuming fishing expedition.  See *NE Techs., Inc.*, 2008 U.S. Dist. LEXIS 85351
at *11-12 (observing that parties "have no entitlement to discovery to develop new claims or
defenses that are not already identified in the pleadings" (citation omitted)): see also *PaySys Int'l,
Inc. v. Atos SE*, 14cv10105(DLC), 2019 U.S. Dist. LEXIS 79150, at *8-9 (S.D.N.Y. May 9, 2019)
(noting that Court disallowed discovery that appeared to be a "fishing expedition" based on "mere
suspicion"); *App Dynamic ehf v. Vignisson*, 87 F. Supp. 3d 322, 331-32 (D.D.C. 2015) (declining
request for discovery that was a "speculative fishing expedition").

   Federal Rule of Civil Procedure 26(b)(1) specifically limits the appropriate scope of
discovery to non-privileged matters that are "relevant to any party's claim or defense and
proportional to the needs of the case, considering the importance of the issues at stake in the action,
the amount in controversy, the parties' relative access to relevant information, the parties'
resources, the importance of discovery in resolving the issues, and whether the burden or expense
of the proposed discovery outweighs its likely benefit." In this case, a full collection of all
illustrator files utilized by Jude Connally for the past nine years is neither relevant to the elements
of the copyright infringement or misappropriation claims raised by Plaintiff, nor proportional to
the needs of the case.  Plaintiff's First Amended Complaint ("FAC") raises copyright claims
exclusively as to ten patterns, and Defendants have produced information specific to those patterns.
Information as to other patterns would have no relevance to those claims of infringement.  Plaintiff
claims that information as to other patterns are relevant to damages as to misappropriation.
Defendants dispute that this information is relevant at all, but to the extent the information could

Hon. Joseph A. Dickson, U.S.M.J.
September 19, 2019
Page 4

be considered relevant to damages, Defendants respectfully submit that such discovery, if needed, could follow a determination of liability on Plaintiff's claims of misappropriation.

Plaintiff also has access to relevant information regarding Defendants' sales of various patterns. It is clear from Plaintiff's own document production that Plaintiff has been scouring Defendants' website for years, and therefore is fully aware of each and every pattern that it believes is infringing on one of Plaintiff's patterns. Therefore, it is highly unlikely that Plaintiff will find some new pattern of which it is not currently aware. The potential benefit of this additional discovery to the Plaintiff is far outweighed by the burden on Defendants. Jude Connally is a small business with approximately 25 employees and limited technological resources. (*See* Cert. of Tom Connally, ¶ 3 (attached).) Requiring the company to comply with Plaintiff's belated request for additional documents would impose an undue burden and expense.

Finally, permitting Plaintiff to engage in a fishing expedition for additional claims will not advance the progress of this litigation. Plaintiff apparently intends to review the numerous patterns that Jude Connally has utilized over the past nine years and cross-reference those patterns against Marimar's collection of 11,000 patterns. This case has already been pending for nearly three years, and Plaintiff is contemplating a time-consuming process that would further delay the party depositions in this action, which per the Court's order of September 6, 2019 is to be completed by December 13, 2019 with no further extensions.

## 2. Plaintiff's Request for Defendants' General Ledger(s) is Overly Broad, Unduly Burdensome, and Plaintiff Has Already Produced Sufficient Documents to Satisfy Plaintiff's Needs.

Plaintiff next requests that Defendants produce their "general ledger(s)." Plaintiff claims that the general ledger will allow Plaintiff to review payments made in connection with Defendants' businesses, because it will show the "means and methods" used by Defendants allegedly to infringe copyrighted patterns and/or misappropriate Marimar's trade secrets.

As stated above, Rule 26(b)(1) specifically limits the appropriate scope of discovery to matters that are "relevant to any party's claim or defense and proportional to the needs of the case." Discovery requests "must be relevant to a claim and defense of either party." *NE Techs., Inc.*, 2008 U.S. Dist. LEXIS 85351 at *11-12; *see Robinson v. Horizon Blue Cross-Blue Shield*, Civ. No. 2:12-CV-02981-ES-JAD, 2013 U.S. Dist. LEXIS *5-6 (D.N.J. Dec. 23, 2013) (denying motion to compel and granting protective order as to matters not relevant to the subject matter of the action). Defendants' general ledger is not relevant to any claim or defense in this action, and what Plaintiff asks is essentially to examine the entire business workings and financial information of Defendants business operations, with no justification as to why that information is relevant.

Defendants seek a protective order protecting their confidential business information from discovery by a competitor[2] and protecting them from undue burden, expense, and oppression under

---

[2] Marimar's principal, Nicholas Solazzo, is also the owner and principal of Bo & Nic, a company in direct competition with Jude Connally.

Hon. Joseph A. Dickson, U.S.M.J.
September 19, 2019
Page 5

Rule 26(c)(1). Defendants have already produced their consolidated comparative balance sheets for 2013 to 2017 (*see* JC-00001-JC00002), and Defendants have already produced documents sufficient to show "the volume of fabric [allegedly] produced by Defendants bearing Marimar's patterns without Marimar's permission or authorization and without properly compensating Marimar for the use of such patterns" (*see* Pl.'s Ltr. at 3) at documents numbered JC01792 – JC01798, which are spreadsheets detailing Defendants' sales, by pattern, and documents numbered JC00018 – JC00151, which are "mini" profit and loss statement relating to each of the patterns identified in the FAC together with supporting documentation including invoices and sales information. Defendants' business dealings with freight forwarders, truckers, and cut-and-sew factories have zero relevance to whether Defendant infringed Plaintiff's copyrights or whether Defendants misappropriated trade secrets, as there is no allegation in the complaint that Plaintiff's claimed "trade secrets"[3] had anything to do with freight forwarders, truckers, or cut-and-sew factories. Indeed, it is impossible to puzzle out how information about a trucker or cut-and-sew factory, for example, could show the "means and methods" Defendants allegedly used to misappropriate Plaintiff's trade secrets and copyrights. Simply put, what could Defendants' payment of *x* dollars to a trucker show Plaintiff? That Defendants used the same trucker as Plaintiff? That Defendants underpaid for trucker? That Defendants paid for trucking by weight instead of by trip? Plaintiff itself offers no explanation of any kind in its short letter and neither common sense thinking, nor a review of precedent suggests any explanation at all.

Defendants respectfully submit that the appropriate measure of damages in this matter, in any event, would not be not based on sales of finished products, but on the difference between the price paid to Derun by Defendants for fabric allegedly bearing Marimar patterns and the price that Defendants would have paid for that fabric had they purchased the fabric through Marimar. Early on in this litigation, Defendants provided that information explicitly to Plaintiff at documents numbered JC00018-JC00151. There is no other information that Plaintiff would need in order to appropriately assess damages in this matter, if Plaintiff can establish liability.

Finally, Plaintiff's claim that "Marimar is aware non-party Ruth Bachmann unlawfully and improperly copied Marimar's library of over 11,000 patterns for use by Defendants when she left the employ of Marimar's affiliate, Simply Swim LLC and became an employee of Defendants," is pure speculation. In fact, Ruth Bachmann has already provided sworn deposition testimony in this matter confirming that she did no such thing. (*See* Bachmann Dep. at 99:23-100:4 (attached).)

Because Plaintiff's request seeks irrelevant, confidential, competitively sensitive information, and because Defendants have already produced documentation sufficient to provide Plaintiff with the information it claims to need, Defendants respectfully ask the Court to reject Plaintiff's belated attempt to seek discovery of Defendants' "general ledger" and issue a protective order to protect Defendants from the annoyance, oppression, and undue burden and expense associated with Plaintiff's request.

---

[3] For clarity, Defendants note that the listed "trade secrets" in Plaintiff's Letter of Sept. 12, 2019 stands in contrast to the more limited description of its "trade secrets" in Plaintiff's sworn responses to Interrogatories.

Hon. Joseph A. Dickson, U.S.M.J.
September 19, 2019
Page 6

**3.** **Defendants' Settlement Agreement Involving Ruth Bachmann is Irrelevant and Confidential.**

Third, Plaintiff requests production of all settlement agreements entered by any or all of Defendants, on the one hand, and Ruth Bachmann, on the other hand. Plaintiff has failed to offer any reason for this demand or its relevance to any claim or defense. Plaintiff has already had ample opportunity to question Ms. Bachmann at her deposition regarding this matter and Plaintiff has already requested the document from Ms. Bachmann.

Defendants can confirm that Ms. Bachmann and Jude Clothing & Accessories Corp. entered into a settlement agreement in early 2015 relating to claims that Jude Connally asserted against Ms. Bachmann arising from their business relationship. That agreement represented the private resolution of an unrelated dispute that has nothing to do with this action, and Defendants consider it a confidential document. Accordingly, Defendants seek a protective order confirming that Defendants need not produce the document.[4]

**4.** **Defendants Have Already Produced a Certification as to its Good Faith Search for Responsive Documents.**

Defendants have already provided a certification, at Plaintiff's request, confirming that Defendants conducted a good faith search for documents responsive to Plaintiff's document requests. That certification is attached for the Court's convenience. Defendants' efforts to locate documents responsive to Plaintiff's requests are further detailed in their written Responses and Objections to Plaintiff's First Request for Production of Documents.

**5.** **Plaintiff Has Failed to Diligently Pursue Third-Party Discovery and its Subpoena Requests Irrelevant Information.**

Finally, Plaintiff requests an order compelling non-party Proster Fashion, Inc. ("Proster") to comply with a subpoena dated January 5, 2018. While this subpoena is not directed to Defendants, Defendants note that their business dealings with Proster, a cut-and-sew factory, have zero relevance as to whether Defendants infringed Plaintiff's copyrights or whether Defendants misappropriated trade secrets. Proster is not named in the FAC, the FAC makes no reference to cut-and-sew factories at all, and there is no allegation in the complaint that Plaintiff's claimed "trade secrets" had anything to do with cut-and-sew factories. As explained above, Plaintiff already has all of the information it needs regarding Defendants' purchases of fabric directly from Derun, which is the only appropriate measure of damages in this action. Moreover, Plaintiff again offers no excuse or reason why it could not have followed up on this outstanding subpoena sooner. Plaintiff served this subpoena on **January 5, 2018**, and waited over a year later, until **January 17, 2019** to write to Proster to follow up. Plaintiff has apparently taken no action since January 17,

---

[4] In the event that Ms. Bachmann produces the document, Defendants request that the document be marked "CONFIDENTIAL" consistent with the parties' Discovery Confidentiality Order, and Defendants reserve all rights under that agreement.

Hon. Joseph A. Dickson, U.S.M.J.
September 19, 2019
Page 7

2019, and sought this Court's assistance for the first time on **September 12, 2019**, nearly nine months later.  Defendants respectfully submit that the Court should reject Plaintiff's request as untimely.

<div align="center">*      *      *</div>

For these reasons, we respectfully request that Your Honor deny Plaintiff's request to compel additional document production and ask that the Court issue a protective order to protect Defendants from the annoyance, oppression, and undue burden and expense associated with Plaintiff's belatedly raised discovery requests.  Defendants note, in any event, that the vast majority of Plaintiff's requests relate to damages, rather than liability.  In the unlikely event that Plaintiff is able to establish liability as to any of its claimed causes of action, Defendants respectfully submit that the issue of additional discovery relevant to damages could be addressed at that juncture.

As always, we thank the Court for its attention to this matter and remain available should Your Honor or Your Honor's staff have any questions or require anything further.

Respectfully submitted,

*s/ Marc D. Haefner*

Marc D. Haefner

Enclosure
cc:      All Counsel of Record (*via email*)

# EXHIBITS OMITTED